PLINY JONES *vs* ORRIN ROOT.

Section 13 of *St.* 1855, *c.* 215, which authorizes officers, without a warrant, to arrest any person found in the act of illegally selling or transporting intoxicating liquors, and seize the liquors, vessels and implements of sale in the possession of such person, and detain them in some place of safe keeping until warrants can be procured for the trial of the person and the seizure of the liquors, is constitutional.

An officer, who arrests, under *St.* 1855, *c.* 215, § 13, a person in the act of illegally transporting intoxicating liquors in a wagon, may detain the wagon and horses for such time as is reasonably necessary to remove the liquors from the wagon; and is not bound to seek out the owner of the horses and wagon and restore them to him, even if not privy to such transportation; and may remove them from the travelled part of the highway to prevent an obstruction thereof; and take them into his own barn for the purpose of saving the horses from suffering, until called for by the owner.

On the trial of an action brought against an officer by the owner of a horse and wagon for seizing them while employed in the illegal transportation of intoxicating liquors, the plaintiff cannot except to a comparison by the judge, by way of illustration, of the rights of the defendant in this case to that of an officer seizing a horse and wagon employed in a burglary.

ACTION OF TORT for the taking and conversion of a pair of horses, a wagon and harnesses. The defendant, who was one of the selectmen of West Springfield, justified on the ground that the property taken was, at the time of the taking, employed in the illegal transportation of intoxicating liquors; and that by *St.* 1855, *c.* 215, § 13, " any mayor, alderman, selectman," &c. " in his city or town, may, without a warrant, arrest any person or persons whom they may find in the act of illegally selling, transporting or distributing intoxicating liquors, and seize the liquors, vessels and implements of sale in the possession of said person or persons, and detain them in some place of safe keeping until warrants can be procured on complaint made for the trial of said person or persons, and for the seizure of said liquor, vessels and implements, under the provisions of this act."

At the trial in the court of common pleas, before *Sanger*, J., the plaintiff introduced evidence tending to show that his son, Harvey Jones, was driving on the highway in West Springfield with the property in question, when the defendant ordered him to stop, and, on his refusal, stopped the horses and turned them out of the travelled way, without any warrant or legal process

other than the authority conferred upon him by said statute; and sent for a constable, who arrested Harvey Jones; and on the same day the property in question was put in the barn of the defendant, and remained there for three days, when the defendant returned it to the plaintiff.

The defendant was permitted, against the plaintiff's objection, to introduce evidence tending to show that, when he stopped the wagon, there were several barrels of intoxicating liquor in it, which Harvey Jones was illegally engaged in transporting from Thompsonville, Connecticut, to Holyoke in this commonwealth having gone to Thompsonville to get it. But there was no evidence that the plaintiff knew of the purpose with which his son went to Thompsonville, or was in any way privy to such transportation, otherwise than in being the owner of the property, and permitting his son to use it when not employed on his farm. And the plaintiff was not present when the seizure was made.

The remainder of the bill of exceptions was thus: "The plaintiff claimed that § 13 of *St.* 1855, *c.* 215, was unconstitutional and void; and if not so, that it gave the defendant no right or authority to take or detain the property in suit; also that, if he had a right to detain said property for the purpose of removing the barrels of liquor from the wagon, he would not have a right to detain it any longer than was reasonably necessary to remove the liquor; and if he did detain it longer, such detention would amount to a conversion of the property, without the proof of any demand or refusal.

"The court instructed the jury, among other things, that the said 13th section was constitutional and valid; that under it, if Harvey Jones was illegally transporting intoxicating liquors, (and the instructions of the court as to what would be such illegal transportation were not objected to,) the defendant had a right without a warrant to seize such liquors and to arrest the driver; that, as incident to this right of seizure, he had a right to detain the horses and wagon for such reasonable time as was necessary to remove the liquors from the wagon, and unless they were detained for a longer time than was reasonably necessary

for that purpose, it would not be a conversion; but if detained for a longer time than was so reasonably necessary, the taking would be unlawful and would be a conversion, and the plaintiff could recover without proof of a demand and refusal; that if, upon the arrest of the said Harvey Jones, the team was left without a driver or person to take care of it, there was no legal duty resting upon the defendant to seek out the owner of the team and return the same to him, or to remove the team from the street; that the removal of the team from the roadway to the side of the road, for the mere purpose of preventing an obstruction of the highway, or the taking the team to a barn for the sole object of saving the animals from suffering until they should be called for by the owner, would not be of itself a conversion of the property; that, to make the acts of the defendant a conversion of the property, (as it was not claimed that by the taking the property was destroyed, or its nature or condition altered,) the taking must be unlawful, and done with the intent to convert the property to his own use, or to the use of some one other than the owner of the property.

" By way of illustration, the court supposed the case of a burglar hiring a horse and wagon, and going with it to a house he intends to rob, breaking and entering the house in the night time, and loading the stolen property upon the wagon, and being arrested by a police officer while in the act of driving from the house with the stolen property. The court observed that the case supposed and the one on trial were not similar; yet they were alike in one respect, in this, that in both (if in the case on trial they should find the driver illegally transporting intoxicating liquors) the driver may be arrested while doing an illegal act, and that in the case supposed the police officer would have a right to leave the horse and wagon in the street, only leaving it so that it should do no damage, or to put the horse in a stable to save it from suffering, and keep it until the owner called for it, without being liable in damages for the detention.

" The jury found for the defendant. To the foregoing rulings and instructions the plaintiff excepts."

*E. W. Bond,* for the plaintiff. 1. Section 13 of *St.* 1855,

*c.* 215, taken in connection with § 20, is unconstitutional and void, because it directs the seizure and detention of property without making any provision for a trial by jury in a regular course of legal and judicial proceedings; *Fisher* v. *McGirr,* 1 Gray, 1; Declaration of Rights, arts. 12, 14; and because it prohibits the importation of intoxicating liquor from another state to its immediate place of destination in this commonwealth, in violation of the provision of the Constitution of the United States, which vests in congress the exclusive power to regulate commerce.

2. If said thirteenth section is constitutional, it only authorizes the seizure of " the liquors, vessels and implements of sale;" and as it confers upon officers the unusual and dangerous power of seizing private property without any legal process, it is to be strictly construed, and cannot warrant the seizure of the plaintiff's horses and wagon.

3. Even if the defendant had the right to seize the horses and wagon, and retain them for a reasonable length of time, for the purpose of removing the liquors from the wagon, he had no right to take them out of the limits of the highway, where he found them, and into his own barn, and keep them there three days.

4. It was the defendant's duty, after causing Harvey Jones to be arrested, so that the horses and wagon were left without any person to take care of them, to use reasonable diligence to find out who was the owner, and to return them to him.

5. As the plaintiff did not know of his son's purpose in going to Thompsonville, and was in no way privy to the transportation of the liquor, nor present when it was seized, the defence relied on, however good it might be as against his son, cannot avail as against him. *Emery* v. *Kempton,* 2 Gray, 257. *Ford* v. *Keith,* 1 Mass. 139.

6. The illustration of the judge, comparing the case to that of a burglar, was improper, and calculated to prejudice the plaintiff's case in the minds of the jury; and the instructions as to what an officer might do in the case supposed of a burglar were erroneous.

*C. A. Winchester*, for the defendant.

METCALF, J. We are of opinion that § 13 of *St.* 1855, *c.* 215, which authorizes the seizure of liquors, is not unconstitutional; that the law was in all respects correctly stated to the jury; that the verdict has established the facts which, by the law, constituted a defence to the action; and that the illustration used by the judge in his remarks to the jury, which is excepted to by the plaintiff, is not a legal ground of exception.

*Exceptions overruled.*