### PHINEAS MASON *vs.* AUGUSTUS W. LOTHROP.

A conviction before a justice of the peace, upon a complaint for illegally transporting intoxicating liquors, from which an appeal has been taken, is not sufficient evidence of probable cause to believe that the defendant was so transporting the liquors, to justify the previous arrest of the defendant and seizure of the liquors by an officer, without a warrant, under *St.* 1855, c. 215, § 13.

In an action against an officer for arresting a person without a warrant, on the ground that he was illegally transporting intoxicating liquors, declarations of the plaintiff, made the day before the arrest, tending to show that he was at the time of the arrest actually so transporting said liquors, are admissible in evidence for the defendant, although not known to him when he made the arrest.

In an action against an officer for arresting and detaining a person, without a warrant, until a warrant could be procured against him, under *St.* 1855, c. 215, § 13, the warrant

obtained the day after, and the complaint on which it was issued, are admissible in evidence for the officer.

A delivery and receipt of intoxicating liquors, as payment for a service performed, is a sale within the meaning of the statutes prohibiting the unlawful sale of such liquors.

The *St.* of 1855, *c.* 215, § 13, is constitutional.

ACTION OF TORT for an assault and false imprisonment of the plaintiff, and seizing and carrying away a large quantity of intoxicating liquors, and converting them to the defendant's use.

The defendant justified on the ground that the plaintiff was engaged in illegally transporting intoxicating liquors from place to place; that the defendant was at the time a constable of Easton, and, acting as such, arrested the plaintiff and took the liquors in question without a warrant, and detained them until warrants could be procured on complaint, for the trial of the plaintiff and the seizure of the liquors, under the *St.* of 1855, *c.* 215.

At the trial in the court of common pleas, before *Aiken,* J., it appeared that the plaintiff and one Atwood were riding, late in the evening, through Easton, in a two horse wagon, on their way from Boston to Taunton, with a quantity of intoxicating liquors of several kinds, when the defendant, a constable of the town of Easton, stopped them, and on the next day obtained warrants, one to arrest their persons, and the other to seize the liquors. On the trial of the complaint against the person of the plaintiff, before the justice of the peace, the plaintiff was convicted, and appealed. The complaint on which the liquors were seized, it appearing that they exceeded $20 in value, was transferred to the court of common pleas.

The plaintiff asked the court to rule " that the judgment of the justice of the peace, upon the complaint against the plaintiff, and an appeal therefrom, were not conclusive proof that the plaintiff was in the act of illegally transporting the intoxicating liquors described ; but that the defendant must go further, and prove the fact, and that he had sufficient evidence thereof at the time of the arrest and seizure."

The court declined to rule as requested by the plaintiff, but

ruled " that a conviction upon said complaint, though appealed from, was sufficient evidence of probable cause to make the arrest and seizure, and that the plaintiff could not maintain the action," except for certain aggravations alleged in the declaration, but waived by the plaintiff. A verdict was returned for the defendant, and the plaintiff excepted.

*J. Brown*, for the plaintiff.

*B. Sanford*, for the defendant, cited *Whitney* v. *Peckham*, 15 Mass. 243; *Parker* v. *Farley*, 10 Cush. 279.

SHAW, C. J. This action is founded mainly upon the thirteenth section of the *St.* of 1855, *c.* 215; but in expounding it, every part and clause of the statute, from the first section declaring the unauthorized sale, or manufacture for sale, of any spirituous or intoxicating liquors, " unlawful and criminal," to the end, is to be taken into consideration.

The court are of opinion that, under this statute, mere probable cause, on the part of the defendant, to believe that the plaintiff was transporting the liquors in question with an intent that the same should be sold contrary to law, especially the technical probable cause arising from a conviction before the justice of the peace, was not a sufficient ground to justify the defendant in arresting the plaintiff, and seizing the liquors, without a warrant. Section 13 makes it the duty of the several officers, of whom a constable is one, to enforce the penalties of the act against every person guilty of any violation of which they can obtain " reasonable proof." If the defendant had reasonable proof, at the time of the seizure, that the plaintiff was transporting the liquors illegally, that is, with intent to sell the same without authority, it would be a justification; and therefore, although the party charged was subsequently acquitted on the complaint against him personally, or, on a subsequent judicial hearing, it was adjudged that the liquor was not liable to seizure, it would not take away his justification. Such acquittal or conviction therefore would be immaterial. The point is, not whether the officer believed, or had probable cause to believe, that the plaintiff was transporting the liquors with the illegal intent charged; but whether he had proofs, which, as they then

stood, and, if not rebutted or controlled by counteracting proofs on trial, would amount to reasonable evidence of the guilty intent with which it was done, and proper to be laid before a court and jury.

The defendant was an officer, and he was authorized, by the statute cited, to arrest the person and seize the liquor, without warrant, and it is made his duty to do so, if he had reasonable proof of the criminal act. And where, as in the present case, an act is made criminal by being coupled with a certain intent, because intention is an act or condition of the mind, which can be proved only by the avowals or declarations of the person entertaining it, or by circumstantial evidence, such intent may be proved by the existence of any and all such circumstances, if any, as, according to the established rules of evidence, are appropriate and sufficient to manifest such intent.

*Exceptions sustained.*

A new trial was had in the court of common pleas at September term 1858, before *Briggs,* J., when the plaintiff objected to the admission of any evidence of the acts or declarations of the plaintiff, except such as the defendant had knowledge of at the time of the arrest or seizure. The defendant called a witness, who testified that he let to the plaintiff a pair of horses and a wagon, on the day before the arrest and seizure. The defendant's counsel asked if he had any conversation with the plaintiff at that time, and if so, what it was. The plaintiff objected, unless it was intended to be shown that the defendant knew what the conversation was, at the time he made the arrest and seizure. The objection was overruled ; and the evidence admitted, for the purpose of showing that the plaintiff was actually illegally transporting intoxicating liquors ; and the witness answered that the plaintiff told him " he was going to Boston after a load of cigars."

The defendant also offered in evidence a complaint made to a justice of the peace, within a day after the arrest and seizure, charging the plaintiff and Atwood with illegally transporting intoxicating liquor from place to place within the Commonwealth,

with intent to sell. The plaintiff objected to this as incompetent and immaterial. But the court admitted in evidence the complaint and the warrant issued thereon.

The only evidence tending to show a delivery or sale of liquor was, that the plaintiff and Atwood, when riding through Stoughton, four miles from the place of arrest, and about two hours before the arrest and seizure, stopped at a livery stable, and without getting off their wagon, asked the hostler to give their horses some water, and after he had done so, one of them poured some intoxicating liquor into a tumbler which was brought, and told the hostler to take it for his pay, and the hostler took it, and carried it into the stable, and they drove away. The court instructed the jury that " if they believed the liquor was given and intended as pay for the service, and was so received, it constituted a sale, within the meaning of the statute."

The jury returned a verdict for the defendant, and answered in the affirmative a question from the court, " whether, at the time of the seizure of the liquor, the defendant had reasonable proof that the persons in possession of the liquor were transporting the liquor with intent to sell it ? " The plaintiff alleged exceptions.

The plaintiff also moved in arrest of judgment, on the ground that the statute under which the defendant justified was unconstitutional; and, this motion being overruled, again excepted.

These exceptions were argued and decided at October term 1858.

*Brown*, for the plaintiff, in support of the exceptions to the admission of evidence, relied on the opinion of the chief justice, *ante*, 356, 357; and cited, in support of the motion in arrest, Declaration of Rights, arts. 12, 14 ; *Fisher* v. *McGirr*, 1 Gray, 1.

*Sanford*, for the defendant.

BY THE COURT. We think the error fallen into at the former trial was avoided at this, and that the directions and rulings were correct.

The point of the constitutionality of the section in question was settled by this court in *Jones* v. *Root*, 6 Gray, 435.

*Exceptions and motion in arrest overruled.*