State *v.* Liquor, Drew, Claimant.

THE STATE OF VERMONT *v.* TWENTY-FIVE PACKAGES OF LIQUOR,
L. S. DREW, *Claimant.*

*Intoxicating Liquor.    Pleading.    Statute.*

Where a complaint under § 22, ch. 94, G. S. providing for seizure, forfeiture, &c., of liquors, specified "the American Hotel, and the barns, sheds and other out buildings adjacent thereto, in Burlington, and forming a part of the premises of said hotel," as the place where intoxicating liquor was believed to be kept, &c., it was held to be sufficiently specific, being regarded as the designation of *a single establishment.*

The word "place" in the statute must receive a reasonable interpretation, not so broad as to encourage a looseness of procedure, nor so narrow as to prevent the search of the entire premises occupied and used by a person in the ordinary course of his business, as an inn-keeper.

*Held,* that the locality of the establishment was described with sufficient particularity.

The complaint and warrant having followed the forms in the statute, are correct and will apply alike to liquors intended for illegal sale and for illegal distribution.

The officer may seize liquor for either of the alternative causes named in his precept and the complaint it follows, as the case may present itself to him upon appearance, *i. e.,* may seize it if found under circumstances warranting his belief that it was intended either for sale or distribution, and may certify for which of the alternative causes it was seized; and the court or triers condemn for either, as the case presents itself to them upon proof.

The officer's return in this case *held* sufficient in its description of the statute violated; also, in setting forth the premises searched, and the character of the property taken.

The authority of the prosecutors is not in issue upon a trial to the jury of the liability of the party or thing prosecuted unless the question is in some way involved by the nature of the prosecution; if not so involved it must be raised, if at all, by proper pleadings or by motion. In this case the question of the complainants' authority, *i. e.,* whether they were legal voters in Burlington as they described themselves, was not so involved, nor put in issue.

The officer who served the process testified that as sheriff of Chittenden county he served the warrant and made search of the American Hotel premises. *Held,* that the jury had a right to understand that he searched the American Hotel premises in Burlington which are described in the papers he testified to having served.

There was sufficient proof in this case to show that the liquors found were intoxicating and kept for sale.

THIS was a proceeding under § 22 of ch. 94 of the General Statutes of Vermont providing for seizure of liquor under certain circumstances. The complaint and warrant follow the forms prescribed

by statute.   The complaint described the premises where the liquor was believed to be kept as "the American Hotel, and the barns, sheds and other out-buildings adjacent thereto, in Burlington, and forming a portion of the premises of said hotel."

The warrant was as follows :  " You are hereby commanded forthwith to proceed to enter and search the premises above described, to wit : the American Hotel and barns, sheds and other out-buildings adjacent thereto and forming a portion of the premises of said hotel in Burlington, and if any such intoxicating liquor is found therein, under circumstances warranting the belief that it is intended for sale, furnishing, gift or distribution, contrary to the laws of this state relating to the traffic in intoxicating liquors for the purpose of drinking,—you are further commanded to seize," &c.

The officer's return was as follows : " I then by virtue of this warrant to me directed, entered the within-named premises, and there made diligent search for intoxicating liquor, and there found one barrel with card on it marked 'Old Medford, 1860,' supposed to contain about twelve gallons ; and one barrel, diamond *T*, supposed to contain about twenty gallons ;  one barrel marked 'Old Bourbon,' supposed to contain about twenty-five gallons ;  also one barrel marked ' Rye Whiskey ;' one case, supposed to contain three or four gallons ; three kegs ; two demijohns ;  one jug ; thirteen decanters, and two square bottles ;—all containing and being part full of different kinds of intoxicating liquors, under circumstances warranting the belief that the same was kept intended for or  distribution without authority, contrary to the provision of an act entitled an act to prevent the traffic in intoxicating liquor for the purpose of  drinking, passed and approved by the legislature of the state of Vermont," &c.

The substance of the evidence is set forth in the opinion.   The case was tried by jury at the September Term, 1865, PIERPOINT, J., presiding.

The court instructed the jury that if they should find that the liquor seized was kept by Drew for the purpose of sale, their verdict should be in favor of the prosecution.   Verdict, that the liquor in question was intoxicating, and was kept for sale, furnishing and .giving away, contrary to law ; and judgment that the same be forfeited.

After verdict, the claimant moved in arrest for the insufficiency of the complaint, warrant, officer's return, and all the other proceedings in the case. Motion in arrest overruled. There was also a motion to quash, which was overruled.

To all which rulings and instructions of the court, the claimant excepted.

*E. R. Hard*, for the claimant.

I. The process,—complaint, warrant and officer's return,—are defective and wholly insufficient. 1. The complaint is bad for *multifariousness.* The statute upon which this proceeding is based confines the complainant to a *single* building, &c. Gen. Stat. 575, § 22. See also the form for the complaint, (G. S. p. 598,) containing in parenthesis the words: "here describe the *place* to be searched." 2. The buildings complained against are not sufficiently *described* in the complaint. *Lincoln* v. *Smith*, 27 Vt. 328. 3. The warrant improperly commands the entry into, and search of, *several* different and distinct buildings and places. 4. The places, a search of which is commanded by the warrant, are not *sufficiently described*. A particular description of the place to be searched is required not only by the statute above referred to, but by article XI of the Bill of Rights. 5. The 22d section authorizes the seizure of liquor only when it is found "under circumstances warranting the belief that it is intended for *sale*, contrary," &c. The warrant in this case commands the seizure of any liquor which may be found under circumstances warranting the belief that it is intended for " sale, furnishing, gift or distribution contrary," &c. 6. This warrant commands the seizure of any liquor which may be found under circumstances warranting the belief that it is intended for sale, &c., " contrary to the laws of this state relating to the traffic in intoxicating liquors for the purpose of drinking." The statute allows a seizure only when the liquor is found under circumstances warranting the belief that it is intended for sale " contrary to the provisions *of this* [94] *chapter.*" 7. The officer's return does not state that the liquor seized was found under circumstances warranting the belief that it was intended for *sale*. 8. Nor does it appear by the return that the liquor was intended for any use or distribution in violation of the 94th chapter of the General Statutes, or of any other law of the state. 9. The return

shows a seizure of liquor under circumstances *not authorized by the warrant.*

II. Upon the testimony the jury should have been instructed to render a verdict in favor of the claimant. 1. The statute requires that the complainants shall be *legal voters* in the town where the search is to be made. All the testimony introduced on this point was that the complainants *lived* in Burlington and had lived there as long as Flanagan had. This does not show them to have been voters. 2. There was no testimony to show in *what town* the seizure was made. The "American Hotel premises" may or may not have been in Burlington. *State* v. *Gilbert*, 36 Vt. 145. 3. There is no evidence that any *intoxicating* liquor was seized.

*L. B. Englesby*, State's Attorney, for the state.

The opinion of the court was delivered by

STEELE, J. The claimant filed in the court below a motion to quash, and also a motion in arrest. Both were overruled. To this action and to the instructions of the court to the jury the claimant excepts.

Both motions are founded upon alleged defects and informalities in the complaint, warrant and officer's return.

I. 1. The first objection, which is urged, to the complaint and warrant, is that they "mention several distinct buildings and places" to be searched. It is not to be supposed that the statute could be so interpreted as to warrant a search without the requisite complaint on oath that some specified place is reasonably believed to be the depository of liquors for unlawful purposes. A designation of a street or a neighborhood would be insufficient. In this case the complaint and warrant designate substantially the American Hotel and the adjacent outbuildings appurtenant to it, and together constituting the American Hotel premises.

This is the designation of *a single establishment*, and is sufficiently specific. To adopt a narrower view would not only render the statute ineffective, but would be entirely inconsistent with the idea of a *search*, for which the statute is intended to provide. The complainants, in such cases, are not presumed to be familiar with the exact locality in the establishment where the liquor is kept, although they may be well satisfied it is kept upon the premises. The statute re-

State *v.* Liquor, Drew, Claimant.

quires the complainant to set out the suspected " building or place." The word " place " must receive a reasonable interpretation, not so broad as to encourage a looseness of proceedure, nor so narrow as to prevent the search of the entire premises occupied and used by a person in the ordinary course of his business as an inn-keeper.

2.  The description of the *locality* of the establishment is objected to as vague and uncertain. It is evident that the designation of a public hotel by its name, accompanied by a statement of the town or municipality in which it is situated, is ordinarily no more likely to be misunderstood, and no more susceptible of mistake, than even a description by metes and bounds. It is a particular description. If the main hotel is described with sufficient particularity, it is clear the out buildings are also, being set out as *adjacent* to the hotel and forming a portion of the hotel premises.

3.  The complaint and warrant follow the *forms* prescribed by statute. The objection to these forms cannot be entertained unless they are in some way substantially inconsistent with the terms of the statute. That this is the case is urged upon the ground that section 22 provides for the condemnation of only such liquor as is intended for illegal sale, while the statutory forms, which the proceedings follow, relate to liquors intended for distribution as well as sale. The complaint and warrant exceed the authority of section 22, but that is not the only section which warrants seizure and condemnation. Section 1 provides that all intoxicating liquors brought within this state and intended for sale or *distribution* to others unlawfully, shall be subject to seizure and forfeiture as provided in section 22. The different sections of the statute, including that which provides the forms, must be construed together. Although there is an evident omission in the General Statutes of some of the former provisions upon this subject, it remains clear that, under certain circumstances at least, liquors intended for distribution or gift, may still be liable to condemnation, and that no more definite form of complaint against such liquor is contemplated by the law than the general form which is provided by statute, and is adopted here. If the proof in such a case should fail to disclose all the circumstances necessary to make a case under the statute against liquors intended for distribution, they cannot be condemned, but these circumstances need not be alleged in

State *v.* Liquor, Drew, Claimant.

the complaint with a particularity of averment beyond what the statute declares sufficient. The form of the complaint and warrant is therefore correct and will apply alike to liquor intended for illegal sale and for illegal distribution.

II. It is not necessary to consider those objections to the return of the officer which have already been referred to in connection with the complaint and warrant.

1. The main objection to the return, which does not apply to the other proceedings, is, that the certificate does not state in the language of the complaint that the officer found the liquor under circumstances warranting the belief that it was intended for " sale or distribution," but the word sale is omitted. The court cannot supply that word. They can supply no other with any better reason. It then stands that the officer seized the liquor under circumstances warranting belief, on his part, that it was intended for distribution. It thus appears that the officer properly seized it for one of the alternative causes named in the complaint and warrant, and, as we have seen, provided for by statute.

The officer having seized it because he thought it intended for illegal distribution, the court is not thereby confined to a trial of the case under this limitation.

The officer may seize for either of the alternative causes named in his precept and the complaint it follows, as the case may present itself to him upon appearance, and the court or triers condemn for either of the alternative causes, as the case presents itself to them upon proof.

2. The officer's description of the statute in his return is by the title of the act of 1852, to which the other statutes upon this subject are additions or amendments. This is sufficiently accurate for the purposes of such a return. The premises searched are sufficiently set forth by relation or reference to the warrant, and the character of the property taken is not left doubtful by the averment in the return that all the bottles, casks and barrels contained intoxicating liquor.

III. The next objections are to the alleged defects in the proof, and to the submission of the case to the jury without evidence upon certain points.

State *v.* Liquor, Drew, Claimant.

1. Whether the complainants were legal voters in Burlington as they describe themselves, was not put in issue. Their authority, or the authority of any prosecutor is not in issue upon a trial to the jury of the liability of the party or thing prosecuted, unless the question is in some way involved by the nature of the prosecution. It must be raised by proper pleadings or by motion, when, as in this case, it is not so essentially involved.

2. The evidence of Flanagan, who served the process, refers to his return and to the warrant, which were before the jury, and he says that, as sheriff of Chittenden County, he served the warrant and searched the American Hotel premises.

We think the jury had a right to understand that he searched the American Hotel premises in Burlington, which are described in the papers he testified to having served.

3. The last objection is that there was no evidence to prove that the liquor which was seized was *intoxicating*. The witnesses describe it as "liquor." They say it was put up in jugs, bottles, demijohns and barrels, and marked "Old Medford," "Old Bourbon," "Rye Whiskey," and in other ways not entirely inconsistent with the theory of the prosecution—that it smelled like liquor, that there was a counter where it was found, that the place was furnished with tumblers, sugar, peppermint, and toddy-sticks; that there were men on both sides the counter, and that those on one side were drinking. The evidence of all these facts, taken together, tended to show that the liquors were intoxicating, and kept for sale, and the court was warranted in submitting it as such to the jury.

The result is, we find no error, and the judgment of the county court is affirmed.