STATE OF MAINE *vs.* PATRICK PLUNKETT.

*Evidence. Search and seizure process, under R. S., c. 27, § 35.*

The statement of the complainant's belief contained in the affidavit which is made by R. S., c. 27, § 35, a condition precedent to the issuing of a warrant to search for intoxicating liquors illegally kept, is not a traversable fact.

The question to be tried is not whether the complainant was right or wrong in testifying to the facts which led to the search for, and the finding and seizure of the liquors; but whether or not they are liable to forfeiture and the keeper to the prescribed penalty.

If the liquors are found by the jury to have been intended for illegal sale in this state, and to have been kept here by the respondent with knowledge of the guilty purpose, it is no defence that they were seized upon an illegal warrant, or that the officer exceeded his authority under it.

A collateral issue will not be raised to determine whether or not proof, in itself competent, was lawfully or unlawfully obtained.

The offence is committed if the liquors are kept and deposited by the respondent for the purpose of illegal sale within this state, whether so kept and found in the building indicated in the warrant or in another; and though the warrant do not authorize the officer to search such other building, and though he may be liable for doing so, this will be no defence to a proceeding for the forfeiture of the liquor and the punishment of the offender.

When evidence of itself competent generally is objected to, the grounds upon which the objecting party relies must be stated when the objection is made.

The liquors which the respondent was here convicted of illegally keeping were seized September 25, 1873, upon process that day issued. At the trial the record of a conviction upon a plea of *nolo contendere*, of a similar offence, committed July 8, 1873, was properly admitted, upon the question of intent.

ON EXCEPTIONS.

SEARCH AND SEIZURE process, under R. S., c. 27, § 35, issued September 25, 1873, upon complaint of the sheriff, in the form prescribed by law, that he believed "that on the twenty-fourth day of that month, and on the day of the complaint, intoxicating liquors were kept in Portland by Patrick Plunkett in the dwelling-house and its appurtenances situated on the southerly side of Adams street, and numbered two on said street; a part of which said dwelling house is used for the purposes of traffic by the said Plunkett." Upon the warrant issued on this complaint liquors

were, the same day, found and seized in a room occupied by the family of Plunkett as a kitchen. This room was reached by passing through the front part of Plunkett's grocery, then through a rear room, connected by a door with this kitchen. At the trial the respondent testified and contended that the building in which he lived was entirely distinct from his store, and that no part of his dwelling house was used for purposes of traffic; and therefore claimed that, this allegation in the complaint being false, the search for, and seizure of the liquors was unauthorized; but the justice of the superior court before which he was tried, ruled that this was no defence to this process.

The record of a former conviction, upon a plea of *nolo contendere*, upon a charge of illegally keeping for sale in this state intoxicating liquors seized on the twenty-fifth day of September, 1873, upon a complaint and warrant of that date, was admitted against the defendant's objection, and he excepted thereto, as well as to the ruling aforesaid. He was convicted. Testifying in his own behalf, he said that he abandoned the sale of liquor in the last of July or the first of August, 1873.

*J. O'Donnell* for the respondent.

I. The court erred in admitting the record of a former conviction on the search and seizure process July 8, 1873.

First. Because it had no tendency to prove the respondent guilty at the time of trial in this case. The government, on cross-examination of the respondent, elicited the fact that he left off selling liquor in the latter part of July or first of August previous. It was a collateral inquiry made of him, and his answer was conclusive and could not be contradicted by the record of a former conviction. *Ware* v. *Ware*, 8 Maine, 42.

Second. Because no former conviction was alleged and it could not therefore be proved to affect his defence to the present complaint. R. S., c. 27, § 45–55, and 56. To make the former record evidence a previous conviction must be alleged in the present complaint. *Tuttle* v. *Commonwealth*, 2 Gray, 507.

II. The court erred in not charging the jury as requested, that

if no traffic was carried on in the dwelling house, the complaint could not be sustained.

Whenever a complaint alleges that liquors are kept unlawfully, and intended for sale in a dwelling house "some part of which is used as an inn or shop," it is necessary to prove the latter fact. If no part of the house is used as an inn or shop, the complaint is not sustained. No "traffic" of any kind, much less in intoxicating liquors, was carried on in the dwelling house of the defendant, but this question the jury were not allowed to consider. Suppose the proof was that the dwelling house was situated on the northerly and not southerly side of Adams street? Would not that be a fact for the jury, and would not the variance be fatal? The complaint against the dwelling house was improperly issued. It should have alleged that said dwelling house was used in part as a shop or inn, or that "traffic in intoxicating liquors" was carried on in said house. A traffic in millinery goods by the wife would not authorize a search of a dwelling house. But this warrant omits the words "traffic in intoxicating liquors." The insertion of the simple word "traffic" alone doesn't authorize the search of a dwelling house, occupied as such. There would be no safeguard or protection of one's home if the mere word "traffic" would authorize the search of a dwelling. Preliminary evidence should be had and that inserted in the complaint, that intoxicating liquors were kept there intended for sale. R. S., c. 27, § 38.

*Charles F. Libby,* county attorney, for the state.

APPLETON, C. J. This is a search and seizure complaint. The building to be searched was the dwelling house of the defendant. The proceedings are in due form of law. The essential facts to justify such search were duly set forth. The jury, upon satisfactory evidence, have rendered a verdict against the defendant and the liquors found. In other words, the defendant is guilty of having liquors with intent to sell the same in violation of law. The offence is established. The liquors are liable to forfeiture—the defendant to the penalty provided by the statute.

The affidavit required by R. S., c. 27, § 35, is a condition precedent to the issuing of a search warrant. The statements it contains as to matter of belief are not issuable facts. The inquiry was not whether the complainant was right in testifying to the facts which led to the search and upon the search to the finding and seizure of liquors. The question to be tried was whether the liquors so found were liable to forfeiture and the person keeping them to the penalty established by the statute.

The possession of spirituous and intoxicating liquors with intent to sell in violation of law, is an offence. The defendant's possession with such intent was unlawful, wherever he kept his liquors.

In *Commonwealth* v. *Dana,* 2 Metc., 337, lottery tickets seized were offered in evidence on the trial of the defendant. It was objected that they were not admissible. "Admitting," observes Wilde, J., "that the lottery tickets and materials were illegally seized, still this is no legal objection to the admission of them in evidence. If the search warrant were illegal, or if the officer serving the warrant exceeded his authority, the party on whose complaint the warrant issued, or the officer, would be responsible for the wrong done ; but this is no good reason for excluding the papers seized as evidence, if they were pertinent to the issue, as they unquestionably were." A collateral issue will not be raised to determine whether or not proof, in itself competent, was lawfully or unlawfully obtained. *Legatt* v. *Tollervey,* 14 East., 302 ; *Commonwealth* v. *Welsh,* 110 Mass., 360.

If the liquors were kept in violation of law, they were none the less liable to forfeiture, because the possession of them was wrongfully or illegally obtained. *State* v. *McCann,* 61 Maine, 116. The defendant is none the less guilty, however the government may obtain possession of his person. If a complaint is made against one for larceny and a search warrant is granted, and the stolen goods found, the thief is not to be discharged when his guilt is fully established, because the officer in serving the warrant may have exceeded his authority, or the complainant may not have had sufficient reasons for the belief upon which his complaint

was based. In the case at bar, the offence was committed wherever the liquors were kept and deposited, if kept by and deposited with the defendant for unlawful sale within the state. The offence is committed, whether they were in his store or his dwelling. The guilt of the respondent is not converted into innocence, though the belief of the complainant as to some of the allegations in the complaint were not well founded, or the officer, in its service, exceeded his authority.

The government offered in evidence the record of a prior conviction, to the admission of which the counsel for the defendant objected. Neither the purposes for which it was offered nor the reasons for the objection taken to its admission are disclosed. It does not seem to have been the subject of allusion in the charge of the judge, which is fully reported. When objection is made to the admission of evidence, which of itself is competent generally, the grounds upon which the objecting party relies, should be stated. "Not having disclosed the character and ground of his objection," observes Barrows, J., in *State* v. *Bowe*, 61 Maine, 171, "at the time when, if it had any substance, he should have done so, he cannot be permitted to lie in wait with it as a cause for a new trial."

But one of the questions involved, was the intent of the respondent. When a complaint was made for keeping liquors on a day certain with intent to sell, evidence is admissible of sales made in the defendant's shop before that day, and of his statements five months previously that he was the owner of the same. *Commonwealth* v. *Dearborn*, 109 Mass., 369. So in *Commonwealth* v. *Stoehr*, 109 Mass., 365, on a trial of a complaint for keeping intoxicating liquors on a certain day with intent to sell, evidence of a seizure of such liquor before that day at the place kept by the defendant and of sales made three weeks before is admissible, "because it tended to prove that the liquors found on the premises on the day named in the complaint were kept by the defendant with intent to sell them in violation of law." In case of an indictment for keeping a nuisance, evidence is admissible to show

that the defendant made sales in the tenement eight weeks before the first date mentioned in the indictment. *Commonwealth* v. *Kelley*, 116 Mass., 341. The record introduced showed that to a complaint similar to the one under consideration the defendant had by plea admitted his guilt. It was admissible on the question of intent. *Exceptions overruled.*

WALTON, DICKERSON, BARROWS, VIRGIN and PETERS, JJ., concurred.