STATE *vs.* THOMAS BURKE, appellant.

Penobscot, 1876.—January 11, 1877.

*Intoxicating liquors. Words.—Appurtenances.*

The designation, in the warrant, of a certain dwelling-house and appurtenances occupied by the respondent, is sufficient to authorize the officer to search an out building on the same lot with the house, and near to it, but separate from it by an open space or passage way, when such out-building is occupied by the respondent mainly as a wood shed for the use of the house; and the respondent may be convicted of keeping the liquors seized in such out-building with intent to sell the same in violation of law.

It is not essential that the warrant should contain a command to this officer to arrest the respondent, if he shall have reason to believe said respondent has concealed said liquors about his person; provided the officer is therein commanded to arrest the respondent, if he shall find said liquors, and he does find the liquors.

ON EXCEPTIONS.

SEARCH AND SEIZURE complaint and warrant for violation of the liquor law.

The premises to be searched were designated as "a certain dwelling-house and appurtenances." The mandatory clause in the warrant did not contain the latter part of the alternative condition in c. 63, § 35, of the Laws of 1872, "if he shall find liquors, or have reason to believe such person has concealed them about his person," to arrest, etc.; but did contain the direction to arrest, if he found the liquors. Liquors were found both in the dwelling-house and in the wood-house near by. The points were raised by the defendant's counsel, that "appurtenances" did not cover the wood house, and that the warrant was informal. The verdict was guilty ; and the defendant alleged exceptions, which appear in the opinion.

*W. S. Clark*, for the defendant, contended that there was not a sufficient designation of place as required by the constitutions of the state and nation, and by the statute, to warrant a search of the out-building. To the point that "appurtenances," where used in a conveyance, would not convey a wood-house, he cited *State v. Robinson*, 33 Maine, 564; *State v. Bartlett*, 47 Maine, 388 ; Washb. on Real Property, vol. II, 664; *Johnson v. Rayner*,

6 Gray, 107; *Wolley* v. *Groton*, 2 Cush. 305 ; *Whitney* v. *Olney*, 3 Mason, 282 ; Co. Lit. 5 ; Shep. Touch. 94 ; *Woodman* v. *Smith*, 53 Maine, 79 ; *Blake* v. *Clark*, 6 Maine, 436 ; *Leonard* v. *White*, 7 Mass. 6 ; *Jackson* v. *Hathaway*, 15 Johns. 447 ; *Harris* v. *Elliott*, 10 Pet. 25 ; Bou. Law Dict. ; *Grant* v. *Chase*, 17 Mass. 443.

The extent to which appurtenances will convey land with a building, is a small amount around the building actually necessary for the use and occupation of the building. *Maddox* v. *Goddard*, 15 Maine, 218. *Ammidown* v. *Ball*, 8 Allen, 293. *Same* v. *Granite Bank*, id. 285.

*L. A. Emery*, attorney general, for the state.

BARROWS, J.  In the complaint and warrant, the premises to be searched were designated as a certain dwelling-house and appurtenances occupied by the defendant.

It is stated in the exceptions that "the evidence showed that an outbuilding where two jugs, one rum, and one whiskey, of the liquors which were seized upon the warrant were concealed, was distinct and separate from the dwelling-house, but upon the same lot and near to it and used by the respondent mainly as a wood-shed for said dwelling-house.  One jug of gin was found in the dwelling-house."  Hereupon the defendant requested the judge to instruct the jury that the building where the two jugs of liquor were found, is not covered or included by the description of the place to be searched; and that the respondent cannot be convicted by reasons of his having any possession, ownership, control or knowledge of the jugs found in the outbuilding, except so far as the same may have a tendency to show that the liquor found in the house was for illegal sale ; and that the defendant can be convicted only as to the gin found in the house.

The presiding judge declined so to instruct; and told the jury in substance that if the outbuilding was on the same lot with the respondent's house and was occupied by him, and by him used as a barn for his hay and shed for his wood to be consumed in his house, that the outbuilding would properly come into the designation of the respondent's dwelling-house and appurtenances, though

not annexed to the house proper, but separated from it by an open space or passage-way.

The defendant excepts, and cites *State* v. *Robinson*, 33 Maine, 564, 570. *State* v. *Bartlett*, 47 Maine, 388, 393, in which it is rightly held that the special designation of the place to be searched required by the constitution must be such as would, if used in a deed, be sufficient to describe and convey it.

But it is law as ancient as the days of Keble and Saunders that even a garden may be said to be parcel of a house and by that name will pass in a conveyance; and accordingly, in *Smith* v. *Martin*, 2 Saund. 400, the defendant in error held his judgment and recovered for an injury done to his garden, house and wall which he had declared were "parcel of a dwelling-house with the appurtenances" of which he was seized. And the learned Serjeant Williams, in a note appended to this case, says "if a man makes a feoffment of a house with the appurtenances, nothing passes by the words, 'with the appurtenances,' but the garden, curtilage and close adjoining to the house and on which the house is built, and no other land, although other land has been occupied with the house." And he quotes Lord Coke as confirming Lord Hale and saying that "by the grant of a messuage or house, the orchard, garden and curtilage, do pass without the word appurtenances."

An examination of the cases cited by the defendant's counsel to support the very restricted construction for which he contends, shows that there was in them all, something in the language of the grant, or in the facts as to occupation and use which showed an intent to limit the effect of the conveyance.

In the absence of any such limitation, there can be no doubt that the grant of a house, occupied by a certain person, with its appurtenances, would carry with it what is commonly termed the house lot and the outbuildings thereon standing used by the occupant of the house for its convenience, whether connected with the house proper, or, as in the case at bar, separated from it by an open space or passage-way.

The ruling here complained of was correct when tested by the requirements of the constitution as they are stated in *State* v. *Robinson*, and *State* v. *Bartlett*, *ubi supra*. 1 Bishop on Crim.

Law, § 170. The defendant moved in arrest of judgment, because the warrant did not command the officer to arrest the respondent if he shall have reason to believe said respondent has concealed said liquors about his person; and he excepts to the overruling of his motion.

Section 35, of chap. 27, R. S., as amended by § 5, chap. 63, of the Laws of 1872, provides that the officer shall be commanded by said warrant if he shall find said liquors, or shall have reason to believe such person has concealed them about his or her person, to arrest, &c.

The warrant did command the officer to arrest, if he should find such liquors; and the officer found them.

The warrant did authorize and require the arrest of the defendant then; and it is not for him to complain that it did not also authorize his arrest in a contingency which did not occur.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DICKERSON, VIRGIN and PETERS, JJ., concurred.