## ROSE ET AL. *v.* THE STATE OF INDIANA.

[No. 21,286.   Filed February 5, 1909.]

1.  STATUTES.— *Amendments.— Titles.— Subject-Matter.—* The subject of an amendatory statute is that contained in the title of the original act.   p. 665.

2.  CONSTITUTIONAL LAW.—*Statutes.—Title.—Intoxicating Liquors. —Regulation of.—Search.—Destruction.—Evidence.—Prima Facie. —*The title of the license act of 1875 (Acts 1875 [s. s.], p. 55) in form: "An act to regulate and license the sale of spirituous, vinous and malt and other intoxicating liquors," covers provisions in the amendatory act of 1907 (Acts 1907, p. 27, §8338 *et seq.* Burns 1908), providing that certain proof shall constitute *prima facie* evidence of certain facts in cases brought thereunder. p. 665.

3.  EVIDENCE.—*Prima Facie.—Power of Legislature to Prescribe What Shall Constitute.—*The legislature has the power to prescribe what shall constitute *prima facie* evidence of certain facts in cases.   p. 666.

4.  APPEAL.— *Indefinite Assignments.— Intoxicating Liquors.— Due Process.—*Appellants' point that the act of 1907 (Acts 1907, p. 27, §8338 *et seq.* Burns 1908), providing for the seizure and destruction of contraband liquor, is unconstitutional because it authorizes the taking of property without due process of law, is too indefinite to present any question.   p. 666.

5.  CONSTITUTIONAL LAW.— *Due Process.— Intoxicating Liquors.— Destruction of.—*The act of 1907 (Acts 1907, p. 27, §8338 *et seq.* Burns 1908), providing for the seizure and destruction of contraband liquor provides for a notice to the owner and a judicial hearing, and therefore provides for due process of law.   p. 666.

6. CONSTITUTIONAL LAW.—*Search-Warrant.*—*Affidavit on Informa-
tion and Belief.*—Section 8338 Burns 1908, Acts 1907, p. 27, §2, pro-
viding that "if any person shall make an affidavit * * * that
such affiant has reason to believe and does believe" that liquors
are unlawfully kept at a certain place, a search-warrant shall
issue, does not violate the Constitution (Article 1, §11), providing
that no search-warrant shall issue "but upon probable cause, sup-
ported by oath or affirmation"; and it is not necessary that the
facts inducing such belief be set out. p. 667.

7. INDICTMENT AND INFORMATION.—*Affidavit upon Information and
Belief.*—An affidavit charging defendant with the commission
of a crime, is sufficient, if made upon information and belief.
p. 667.

8. INTOXICATING LIQUORS. — *Search-Warrants.* — *Description of
Premises.*—An affidavit for a search-warrant, describing the prem-
ises to be searched as the "room, house, outhouse, yard, garden
and appurtenances thereto belonging, occupied by [defendant],
and situated upon lot thirty, on Market street, in the original
plat of New Bedford, now Monon, in Monon township, White
county, Indiana," is sufficiently specific. p. 668.

9. PLEADING.—*Answer.*—*Failure to File.*—*Trial.*—*Mistrial.*—A trial
of a civil case without the filing of an answer must be objected
to at the time, or no objection can be raised afterwards. p. 670.

10. ACTION.—*Destruction of Liquors.*—*Civil or Criminal.*—Proceed-
ings to destroy contraband liquors are civil and not criminal.
p. 670.

11. APPEAL.—*New Trial.*—*Bills of Exceptions.*—*Time for Filing.*—
Where time beyond the term is desired for the filing of a bill of
exceptions, upon the overruling of a motion for a new trial, it
must be asked and granted immediately after the taking of an
exception to the overruling of such motion. p. 671.

12. SAME.—*Bills of Exceptions.*—*Time for Filing.*—*How Shown.*—
Time given beyond the term for the filing of a bill of exceptions
must be shown by an order-book entry; a statement thereof in
the bill of exceptions being insufficient. p. 671.

13. NEW TRIAL.— *Causes for.*— *Exceptions.*— *Statutes.*— *Appeal.*—
Under §656 Burns 1908, §626 R. S. 1881, the rulings of the court
which constitute causes for a new trial, and the exceptions
thereto, are carried forward by a motion for a new trial to the
time of ruling thereon, when time may be given for the filing of
bills of exceptions. p. 671.

14. APPEAL.—*New Trial.*—*Bills of Exceptions.*—*Time for Filing.*—
*How Shown.*—Where time beyond the term is desired for the
filing of a bill of exceptions, an order-book entry showing the
granting of such time at any time during the day on which the
motion for a new trial was overruled, is sufficient, where the
bill was filed within the time granted. p. 672.

15. APPEAL.—*New Trial.—Bills of Exceptions.—Time for Filing.*—
Where a motion for a new trial was overruled on March 2—the
finding being made at the previous term—and an exception was
reserved thereto, a request, several days afterwards, for time
to file a bill of exceptions is too late, and a bill filed after the
term pursuant to an order made upon such request, is too
late. p. 672.

16. SAME.—*Rulings of Trial Court.—Presumptions.*—Where noth-
ing to the contrary appears of record, the presumption is that
the trial court's rulings were correct. p. 673.

From White Circuit Court; *James P. Wason*, Judge.

Action by The State of Indiana against Samuel A. Rose
and others. From a judgment for the plaintiff, defendant
appeals. *Affirmed.*

*Reynolds & Sills* and *John F. McHugh*, for appellants.

*James Bingham*, Attorney-General, *Alexander G. Cavins*,
*William H. Thompson* and *Edward M. White*, for the State.

MONKS, J.—This was a proceeding in the nature of a libel,
brought under sections two to fourteen of an act approved
February 13, 1907 (Acts 1907, p. 27, §8338 *et seq.* Burns
1908), to procure the seizure and destruction of certain in-
toxicating liquors. Such proceedings were had that final
judgment was rendered, ordering that the boxes, barrels,
demijohns, jugs and bottles and the intoxicating liquors
contained therein, taken under the search-warrant, be de-
stroyed.

From this judgment appellants appealed and assigned er-
rors, calling in question the action of the court in overruling
the motion to quash the affidavit on which the search-war-
rant was issued, the motion to quash said search-warrant and
the sheriff's return thereon, the separate motion of each ap-
pellant for a new trial, and the separate motion of each ap-
pellant in arrest of judgment.

It is insisted that sections two to fourteen of said act of
1907 are unconstitutional because in violation of article 4,
§19, of the Constitution of this State, which provides that
"every act shall embrace but one subject and matters prop-

erly connected therewith, which subject shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title." The only ground stated for this contention is "that the provisions of said act make certain facts, if shown, *prima facie* evidence of some of the facts necessary to be established in a proceeding under said sections." ·

The subject of the act of 1907, *supra,* is that of the act of 1875 (Acts 1875 [s.s.], p. 55), of which it is an amendment, and which is expressed in the title as follows: "An act to regulate and license the sale of spirituous, vinous and malt and other intoxicating liquors," etc. The provisions in said act in regard to the search, seizure and destruction of "intoxicating liquors unlawfully kept to be sold in violation of the laws of this State," and in regard to what shall be *prima facie* evidence of certain facts in such cases, and what courts shall have jurisdiction, are clearly germane to, properly connected with, and embraced in, the subject expressed in the title of said act of 1875. The title thereof is sufficient to include said provisions embraced in the amendatory act of 1907. Said provisions in said amendatory act of 1907 are mere details of the method by which the sale of intoxicating liquors is to be regulated, and are appropriately and properly connected therewith. The following cases fully support this conclusion: *State* v. *Gerhardt* (1896), 145 Ind. 439, 458, 459, 33 L. R. A. 313, and cases cited; *Lewis* v. *State* (1897), 148 Ind. 346, 349; *Brandon* v. *State* (1861), 16 Ind. 197; *Parks* v. *State* (1902), 159 Ind. 211, 229-231, 59 L. R. A. 190, and cases cited; *State, ex rel.,* v. *Board, etc.* (1906), 166 Ind. 162, 189, 197, 198; *Board, etc.,* v. *Albright* (1907), 168 Ind. 564, 568-570, and cases cited; *Western Union Tel. Co.* v. *Braxtan* (1905), 165 Ind. 165, 167-170; *Bitters* v. *Board, etc.* (1881), 81 Ind. 125, 126; *Bank of the State of Ind.* v. *City of New·Albany* (1858), 11 Ind. 139, 142; *State*

v. *Adamson* (1860), 14 Ind. 296, 297; *State, ex rel.*, v. *Board, etc.* (1866), 26 Ind. 522, 525; *Bright* v. *McCullough* (1866), 27 Ind. 223, 226; *Shoemaker* v. *Smith* (1871), 37 Ind. 122; *Peachee* v. *State* (1878), 63 Ind. 399, 401; *State, ex rel.*, v. *Sullivan* (1881), 74 Ind. 121; *Shipley* v. *City of Terre Haute* (1881), 74 Ind. 297; *Kane* v. *State, ex rel.* (1881), 78 Ind. 103, 108; *Jett* v. *City of Richmond* (1881), 78 Ind. 316, 317; *Elder* v. *State* (1884), 96 Ind. 162; *Hedderich* v. *State* (1885), 101 Ind. 564, 569, 51 Am. Rep. 768; *Barnett* v. *Harshbarger* (1886), 105 Ind. 410; *City of Indianapolis* v. *Huegele* (1888), 115 Ind. 581, 590.

It is settled in this State that the legislature has power to make certain acts or facts *prima facie* evidence of other facts necessary to be established in a legal proceeding.
3. *State* v. *Beach* (1897), 147 Ind. 74, 79-83, 36 L. R. A. 179, and authorities cited; *State* v. *Gerhardt*, *supra; Commonwealth* v. *Wallace* (1856), 73 Mass. 222; *State* v. *Hurley* (1867), 54 Me. 562; *State* v. *Thomas* (1880), 47 Conn. 546, 36 Am. Rep. 98.

Appellants contend that said act is unconstitutional as applied to intoxicating liquors, because it authorizes the taking of property without due process of law. This
4. objection is too indefinite to present any question. As was said in *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438, 460. "While a discussion or elaboration of a point is not proper in the statement of points, mere general statements, without specific and definite reasons specifically applied, present no question for decision."

In answer to said general objection it may properly be said that said act provides for a judicial hearing, after due notice in which the owner has an opportunity
5. to contest the ground upon which the forfeiture is claimed. *Regadanz* v. *State* (1908), *ante*, 387.

It is next insisted by appellants that "article 1, §11, of the Constitution of this State requires that the facts upon which

the belief of the affiant is based must be set out in the affidavit, and that an affidavit on information and belief is not sufficient, and, as the act of 1907, *supra*, authorizes the issuance of such a warrant on such an affidavit, it is in violation of said section of our Constitution." Said section of the Constitution only requires that "no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the person or thing to be seized." In *Lowrey* v. *Gridley* (1862), 30 Conn. 450, under a constitutional provision substantially the same as ours, it was held that an act which authorized the issuance of a warrant to search and seize property upon the oath of the affiant, that he "had reason to believe and did believe" the facts alleged in the affidavit to be true, was valid and not in violation of said provision of the constitution; that such oath was sufficient, and that it was not necessary that the facts upon which the belief was founded should be set out in the affidavit. See also, Black, Intoxicating Liquors, §§52, 53, 351; *Oviatt* v. *Pond* (1861), 29 Conn. 479; *Lincoln* v. *Smith* (1855), 27 Vt. 328; *State* v. *Hobbs* (1855), 39 Me. 212; *Gray* v. *Kimball* (1856), 42 Me. 299; *State* v. *Nowlan* (1874), 64 Me. 531; *State* v. *Plunkett* (1874), 64 Me. 534; *State* v. *Welch* (1887), 79 Me. 99, 8 Atl. 348; *Santo* v. *State* (1855), 2 Iowa 165, 63 Am. Dec. 487; *State* v. *Snow* (1854), 3 R. I. 64; *State* v. *Fitzpatrick* (1888), 16 R. I. 54, 11 Atl. 767; *In re Horgan's Liquors* (1889), 16 R. I. 542, 18 Atl. 279; *Jones* v. *Root* (1856), 72 Mass. 435; *Mason* v. *Lothrop* (1856), 73 Mass. 354, 358.

It has uniformly been held by this court that even an affidavit charging one with a crime need not show that the statements contained in it are made upon the affiant's knowledge, but it is sufficient if made upon information and belief. *Franklin* v. *State* (1882), 85 Ind. 99, and cases cited; *State* v. *Buxton* (1869), 31 Ind. 67; *Toops* v. *State* (1883), 92 Ind. 13, 14.

Appellants insist that the affidavit is insufficient because it "does not particularly describe the place to be searched," as required by article 1, §11, of the Constitution of this State. The affidavit describes the place to be searched as the "room, house, outhouse, yard, garden and appurtenances thereto belonging, occupied by said Samuel A. Rose, and situated upon lot thirty, on Market street, in the original plat of New Bedford, now Monon, in Monon township, White county, Indiana." It has been held that the description will be sufficiently certain if it is such as would be required in a deed to convey a specific parcel of real estate, or if it leaves no discretion to the officer as to what place he is to search, but fully directs him in that respect. Black, Intox. Liquors, §357; Cooley, Const. Lim. (7th ed.), 429, 430; 23 Cyc., 294, 295, 297; 29 Century Digest, §374, cols. 1284-1287; *Hornig* v. *Bailey* (1882), 50 Conn. 40; *State* v. *Brennan's Liquors* (1856), 25 Conn. 278; *State* v. *Thompson* (1876), 44 Iowa 399; *Lincoln* v. *Smith, supra; State* v. *Intoxicating Liquors* (1872), 44 Vt. 208; *State* v. *Twenty-five Packages of Liquor* (1866), 38 Vt. 387; *Commonwealth* v. *Certain Intoxicating Liquors* (1888), 146 Mass. 509, 16 N. E. 298; *Commonwealth* v. *Intoxicating Liquors* (1889), 150 Mass. 164, 22 N. E. 628; *State* v. *Burke* (1877), 66 Me. 127; *In re Fitzpatrick's Liquors* (1888), 16 R. I. 60, 11 Atl. 773.

In *State* v. *Thompson, supra,* the place was described as "Clarke Thompson's saloon building, in Strawberry Point, owned and kept by said Clarke Thompson." Held, sufficient.

In *Hornig* v. *Bailey, supra,* the description held sufficient was: "In said Danbury, near the corner of Elm street, in the borough of Danbury, within said town of Danbury, in a wooden building occupied by Jean Hornig, of said Danbury, consisting of a one-story building, and a garden thereto attached and occupied as a saloon and place of public resort; also in another wooden building situated between Dan-

bury News office and said one-story building described above, and used by said Jean Hornig as a dwelling-house; all of said buildings being within the town and borough of Danbury, and which said liquors are owned and kept at said place.''

In *State* v. *Twenty-five· Packages of Liquor, supra,* the description was: ''The American hotel and the barn, sheds and other outbuildings adjacent thereto, in Burlington and forming a part of the premises of said hotel.'' The court held that ''this is the designation of a single establishment, and is sufficiently specific,'' and ''it is a particular description.''

In *Commonwealth* v. *Certain Intoxicating Liquors, supra,* the description called for ''a hotel and barn in the town of Hudson, occupied by Zephrin Lucia, known as the Valley House and barn in the rear thereof, situated on the north side of Main street in Hudson Centre, next east of the bakery, which was occupied in part by George W. Davis.'' The court said: ''While its language was involved, and not perspicuous, we think it had no such ambiguity as to prevent identification of the buildings and place referred to. *Commonwealth* v. *Intoxicating Liquors* [1867], 97 Mass. 63; *Commonwealth* v. *Intoxicating Liquors* [1871], 107 Mass. 386; *Commonwealth* v. *Certain Intoxicating Liquors* [1872], 109 Mass. 371-372; *Commonwealth* v. *Certain Intoxicating Liquors* [1873], 113 Mass. 208; *Commonwealth* v. *Certain Intoxicating Liquors* [1877], 122 Mass. 36.''

In *Commonwealth* v. *Intoxicating Liquors* (1889), 150 Mass. 164, 22 N. E. 628, it was held that ''in a certain tenement situated on Essex street, and numbered 136 on said street, in Lawrence in said county and occupied by said Libbey as a common resort kept therein,'' was a sufficient description of the place to be searched.

It is evident from the authorities cited that the description in the affidavit of the place to be searched was sufficient to comply with the requirements of article 1, §11, of

the Constitution of this State. Said affidavit was otherwise sufficient under the rule declared in *Regadanz* v. *State, supra,* and the cases there cited. The court did not err therefore in holding that the same was sufficient nor in overruling the motions in arrest of judgment. The description in the search warrant of the place to be searched was the same as in the affidavit, and was clearly sufficient, and the court did not err in overruling the motion to quash said writ and the return of the sheriff thereon.

It is insisted by the appellant that there was a mistrial because no plea was entered by appellant Rose to the affidavit, citing *Miller* v. *State* (1901), 26 Ind. App. 152. This insistence of the appellants is upon the erroneous theory that this is a criminal case. This is not a criminal case, but a statutory proceeding under the act of 1907, *supra,* for the search, seizure and destruction of intoxicating liquors, and is governed by the rules in civil actions so far as applicable. *Regadanz* v. *State, supra; State* v. *Barrels of Liquor* (1867), 47 N. H. 369, 374, 375; *Kirkland* v. *State* (1904), 72 Ark. 171, 78 S. W. 770, 65 L. R. A. 76, 105 Am. St. 25; *Osborne* v. *State* (1906), 77 Ark. 439, 92 S. W. 406; *The Good Templar* (1899), 97 Fed. 651; *United States* v. *LaVengeance* (1796), 3 Dall. (U. S.) *297, 1 L. Ed. 610; *Barnacoat* v. *Six Quarter Casks of Gunpowder* (1840), 1 Met. (Mass.) 225; *Anonymous Case* (1812), 1 Gall. *22, Fed. Cas. No. 444; Waples, Proceedings in Rem, §25.

It is next urged that the court erred in overruling appellant's separate motions for a new trial. The grounds assigned for a new trial in each of said motions depend for their determination upon the evidence, which is not in the record. It appears from the record that at the November term, 1907, of said court said cause was submitted to the court for trial, and that, after hearing the evidence and argument of the counsel, the court found for the State and

against appellants.   Afterwards on the nineteenth day of the February term, 1908, of said court, the same being March 2, 1908, the court overruled appellants' separate motions for a new trial, to which ruling they each separately excepted.   No time was then, or on said day, given by the court within which to file a bill or bills of exceptions.   Several days afterward, and before the adjournment of said February term, ninety days were given appellants within which to file bills of exceptions.   The bill of exceptions in this case was filed in vacation after the expiration of said February term.

It is well settled that the exceptions to the ruling of a court must be taken at the time the rulings are made, but time may be given by the court to a party taking the

11. exceptions to prepare and file a bill of exceptions showing such rulings and exceptions, but not beyond the term, unless by special leave of the court.   §656 Burns 1908, §626 R. S. 1881; Elliott, App. Proc., §§785, 786; Ewbank's Manual, §§7, 24; *Brown* v. *Ohio, etc., R. Co.* (1893), 135 Ind. 587, and cases cited; *Minnick* v. *State, ex rel.* (1900), 154 Ind. 379, 382-384; *Citizens St. R. Co.* v. *Marvil* (1903), 161 Ind. 506, 510.

If time is given beyond the term for the preparation and filing of a bill of exceptions, that fact must be shown by an order-book entry, and cannot be shown by a statement

12. in the bill itself.   Ewbank's Manual, §24, and cases in note 3; Elliott, App. Proc., §801.   It is expressly provided by statute, however, that the rulings of a court which constitute causes for a new trial and the ex-

13. ceptions thereto, if such rulings are assigned as causes for a new trial, are carried forward by such motion to the time of the ruling thereon when time may be given by the court within which to prepare and file a bill of exceptions containing such rulings and exceptions.   §656, *supra;* Ewbank's Manual, §33; *Minnick* v. *State, ex rel., supra; Citi-*

zens St. R. Co. v. Marvil, supra; Theobald v. Clapp (1909), 43 Ind. App. 191.

It has been held by this court under §656, supra, that where the order-book entry of the same day's proceeding in a cause shows the overruling of a motion for a new 14. trial, and a proper exception to such ruling, and said entry also shows that time was given beyond the term within which to file a bill of exceptions, and the bill of exceptions was filed within the time limited, it is in the record, even if said order-book entry shows that other steps in said cause have intervened between the ruling on the motion for a new trial and the exception thereto, and the giving of time to file the bill of exceptions; that such an entry shows not only that appellant excepted at the time of the overruling of the motion for a new trial, but that time was then given beyond the term, within which to file a bill of exceptions. Kopelke v. Kopelke (1887), 112 Ind. 435, 437, 439. Vogel v. Harris (1887), 112 Ind. 494, 495. Citizens St. R. Co. v. Marvil, supra.

In this case the motions for a new trial were overruled on March 2, 1908, the next term of court after the court made its finding in said cause. The order-book entry of 15. that day's proceedings in said cause only shows that said motions were overruled and appellants excepted thereto. As leave to file bills of exceptions was not given until several days after said motions for a new trial were overruled, the same was without authority and void, for the reason that the court can only grant such leave at the time and in the manner provided by the statute, which was at the time said motions were overruled. Citizens St. R. Co. v. Marvil, supra; Theobald v. Clapp, supra. As said bill of exceptions was not filed until in vacation, after the expiration of said February term of said court, it follows that it is not in the record. Citizens St. R. Co. v. Marvil, supra; Theobald v. Clapp, supra.

It must be presumed that said motions for a new trial were properly overruled, nothing to the contrary being shown by the record. Ewbank's Manual, §198; *Citizens St. R. Co.* v. *Marvil, supra,* at page 512.

Having determined all questions properly presented in appellants' statement of points, and finding no error, the judgment is affirmed.