## PART OF LOT No. 294 IN OTTUMWA *v.* THE STATE OF IOWA.

Under the Code, a writ of error, as such, is not allowed, to remove the proceedings of a justice, in a case arising under section 932, into the District Court, for review.

An information under section 932 of the Code, against a lot or building, in which intoxicating liquors are sold, is a criminal proceeding, and does not come within the class of cases referred to in section 2349, which provides, that any person aggrieved by an erroneous decision in matter of law, or other illegality in the proceedings of a justice of the peace, may remove the same, or so much thereof as is necessary, into the District Court for correction, by writ of error.

Section 2349 of the Code, was designed to apply alone to civil cases.

Sections 3358 to 3365 of the Code, inclusive, furnish the only method, in all ordinary cases, under our law, for reviewing the judgment and proceedings of a justice of the peace in a criminal proceeding.

Section 2329 of the Code, which provides that appeals must be taken and perfected within twenty days after the rendition of the judgment, has no application to criminal cases.

Where a party desires to appeal from the judgment of a justice, in a criminal case, the affidavit should be made, and the defendant's recognizance entered into, on the rendition of the judgment.

Where an information was filed before a justice of the peace, under section 932 of the Code, and on the trial there was no appearance for the lot or building, and several judgments of guilty were entered, and the fine in each case assessed at ten dollars; and where, five days after the rendition of the judgments, the person who claimed to be lessee of the premises, and the owner of the personal property in the building, appeared and presented to the justice, a bond for an appeal, with sufficient sureties, which was refused, because no affidavit was filed therewith, and because no such bond or affidavit had been filed on the day of trial; and where, fifteen days after the rendition of said judgments, the said party appeared before the clerk of the District Court, and made affidavit, alleging numerous errors in said judgments, and praying a writ of error, to remove the same for review into the District Court, and also, praying the allowance of an appeal, upon which affidavit the writ issued; and where the District Court dismissed the writ of error, and refused to grant a rule on the justice to allow an appeal; *Held,* That the District Court properly dismissed the writ, and refused the rule.

### *Error to the Monroe District Court.*

THIS was an information filed before a justice of the peace, under section 932 of the Code. On the trial, there was no

appearance for the lot or building. It being found that the prohibited traffic had been carried on in the building, and upon the lot charged, the justice entered up six several judgments of guilty, and assessed the fine in each case at ten dollars. These judgments were rendered on the 3d of January, 1855, and on the 8th of the same month, one Gerlach, who claimed to be the owner of the personal property in the building, and the lessee of the premises, appeared and presented to the justice, a bond for an appeal, with sufficient sureties, which was refused, because no affidavit was filed therewith, and because no such affidavit or bond had been filed on the day of trial. On the 18th day of the same month, the said Gerlach appeared before the clerk of the District Court, and made affidavit, alleging numerous errors in said judgments and proceedings before said justice, and praying a writ of error to remove the same for review into the District Court of Wapello county, and also praying the allowance of an appeal. The writ issued, and at the January term, 1855, of the District Court, on application of defendant, a change of venue was granted to the county of Warren, in the 9th judicial district. At the November term of the said Warren District Court, the writ of error was dismissed, on the motion of the state, and the defendant having asked for a rule on the justice to allow an appeal, the same was refused; to all which defendant at the time excepted, and now brings this writ of error.

*Knapp & Caldwell*, for the plaintiff in error.

*H. B. Hendershott*, for the state.

WRIGHT, C. J.—The orders dismissing the writ of error, and the refusing the rule on the justice to allow the appeal, are now assigned for error. The first assignment raises the question, whether, under the Code, a writ of error as such, is allowed, to remove the proceedings of a justice in a case arising under this section, into the District Court for review. We do not think it is.

In the chapter regulating "the sale of intoxicating liquors," under one section of which this prosecution was instituted, no provision is found giving an appeal, writ of error, or other remedy, where a party claims to be aggrieved. We can not believe, however, that it was designed to make such judgment final, and must therefore look to other parts of the statute, to ascertain what the proper remedy is. Chapter 129, of the Code, defines the powers of justices' courts in civil cases, and 209, their powers and duties in criminal cases within their jurisdiction. It is provided by section 2349, that any person aggrieved by an erroneous decision in matter of law, or other illegality in the proceedings of a justice of the peace, may remove the same, or so much thereof as is necessary, into the District Court for correction, by writ of error. The defendant claims this is not a criminal proceeding; but if it is, then that the language of the above section is broad and general, and gives the writ of error to all persons, in all cases, where they are aggrieved by an erroneous decision in matter of law, or other illegality in the justice's proceedings.

We have no doubt but that this is a criminal proceeding. The offences punishable, by the chapter under which this information was filed, are under the Code misdemeanors, and for the apprehension of persons offending against its provisions and their punishment, we have the same summary writs and general directions, provided for and given for the trial of other misdemeanors and public offences within a justice's jurisdiction. Being criminal, then, the question still remains, whether it comes within the class of cases referred to in section 2349. And we do not think it does. That section, we think, was designed to apply alone to civil cases; and especially so, as by section 3358, a full remedy is given the aggrieved party in these cases, by which he has an opportunity to be reheard in the District Court, on any alleged errors in the proceedings or conviction complained of; and also on a new trial, within the discretion of the court. This section, together with sections 3359 to 3365, inclusive, in our view, furnish the only method, in all

ordinary cases, under our law, for reviewing the judgment and proceedings of a justice of the peace in a criminal proceeding. By this chapter, these inferior courts have jurisdiction to hear and determine all public offences, where the punishment does not exceed two hundred dollars' fine, or imprisonment in the county jail not more than six months, or where the punishment is by both such fine and imprisonment. After the offence charged has been so heard, tried, and determined, it is to be final, unless, on the rendition of the judgment, an affidavit is made, as provided for in section 3358, stating the facts showing the alleged errors in the proceedings or conviction, and also that, as the affiant verily believes, injustice has been done. While the prisoner is to have a fair and full trial, yet it is also designed to effectuate prompt and certain punishment after such trial; and to only give an appeal, where the defendant can and does make this affidavit. If injustice is done, he can make the affidavit, and should have an appeal; if not, no necessity for a review exists. This was designed to prevent protracted litigation, the accumulation of costs in the appellate tribunal, and the danger of the escape of those who had violated the law, unless they made this affidavit, showing the injustice, and in what it consisted. This affidavit was not made in this case, nor the appeal asked or claimed in accordance with this section; and, therefore, the proceeding to this extent was irregular, and the writ of error properly dismissed.

The defendant further claims, however, that the court should have directed the justice to allow an appeal. In this view, we cannot concur. It appears that no affidavit was made before the justice, and none at any time before any person, until the 18th of January, before the clerk of the District Court, being the one which is the basis of this proceeding. Nor was any bond filed, or offered to be filed, until the 8th of that month. The defendant insists that these filings, and offers to file, were in time, being within twenty days after the judgments were rendered. This cannot be, for the law requires that the affidavit shall be made, and the defendant's recognizance be entered into, " on the rendition of the judg-

ment," and the allowance of the appeal. Under this provision, we would not say that the affidavit must be made at the instant of the rendition of the judgment, but as soon as it can reasonably be reduced to written form, and before the parties may be said to have separated, with no view of returning to take further steps in the case. If required, the justice should give a fairly reasonable time, so as not to prejudice the defendant. Fifteen days after, as in this case (and that before the clerk), in no sense meets the requirements of the law. Parties in the meantime, having separated, and no means being left to recognize the material witnesses, unless they are again brought before the justice, would appear to be sufficient reasons, aside from the clear language of the law, for holding that such application was too late. The twenty days provided for appeals in ordinary actions before a justice, have no application to this class of cases. Nor do we think it one of the cases contemplated by section 2330 of the Code. That, gives a party the right to apply to the clerk of the court for the allowance of an appeal, in cases where he applies within twenty days, and the justice is absent, dead, or unable to act. Independent of other considerations, it is sufficient to say, there is no showing that the justice was absent, dead, or unable to act; on the contrary, these are all negatived by the record.

But, again: it is said that this was a proceeding against a lot; that the occupant, or party in interest, had no notice of the proceedings, and he could not, therefore, sooner make the affidavit; and that to deprive a person of this remedy, would virtually be to deny him any hearing. This case is a fair illustration of the fallacy of this argument, when we come to give it a practical application. It appears from the justices' returns, that Gerlach did know of the prosecution; that he asked to have the trial postponed; but did not ask to defend the action. How, then, was he surprised? or why can it be claimed, that he, as the claimant of the property, or the person in possession of the premises, should have time extended to him that is not provided for other persons? For aught that appears, he could just as well have made the

affidavit on the rendition of the judgment, as five days there-after. The argument that those occupying and owning the property, and interested therein, should have an opportunity to be heard, and that their property should not be condemned, without actual notice to them, if sound, addresses itself rather to the law-making power, than to the courts. Should a case arise, where a party had really been surprised by having his property condemned without notice, or a fair opportunity, in fact, to be heard in its defence, we should be inclined to afford him relief in some method. It is but seldom, however, if ever, that a person's premises can be closed, and the property pass under the control of an officer, that he will not know what it is for, and where he can be heard. This is the practical truth, whatever the theory. In this case, we do not think the substantial rights of Gerlach have been so prejudiced, as to justify our disturbing the judgment below.

Judgment affirmed.