STATE OF VERMONT v. ONE BOTTLE OF BRANDY, ONE BOTTLE OF GIN, ONE BOTTLE OF CHAMPAGNE, &C.,—RALPH E. RAY AND JOHN H. BROOKS CLAIMANTS.

*Intoxicating Liquor. Claimants. Trial by Jury.*

A claimant of liquor seized under section 22, chapter 94, General Statutes, is not entitled to a trial by jury in the city court, Burlington, the proceedings not being a civil action.—Gen. Sts., 1870, 1008.

COMPLAINT and warrant for the seizure of intoxicating liquor under sec. 22 of chap. 94 of the General Statutes.

Ralph E. Ray and John H. Brooks appeared as claimants of the liquor in question, and demanded a trial by jury under the provisions of chapter 94 of the General Statutes, and also under the law of 1868, (Acts of 1868, No. 88, sec. 3,) constituting the city court of the city of Burlington.

The court, SHAW, J., *pro forma*, decided that the claimants were not entitled to a trial by jury, but that the cause must be tried by the court, to which the claimants excepted.

The prosecution introduced evidence tending to show that the liquor in question was intoxicating, and was intended for sale contrary to the provisions of chapter 94 of the General Statutes, and the court so adjudged, and adjudged the liquor forfeited to the use of the city of Burlington.

*R. H. Start*, for the claimants, cited *United States* v. *La Vengeance*, 1 Peters' Cond., 132; *United States* v. *The Betsey &*

38

*Charlotte,* 2 Ib., 168 ; *Whelon* v. *United States,* 2 Ib., 437 ; *The Sarah* v. *United States,* 5 Ib., 472 ; *New Jersey Steam Nav. Co.* v. *Merchants' Bank,* 6 Howard, 387 ; *State* v. *Liquor,* II. Law Review, 189.

*Daniel Roberts,* state's attorney, for the state.

The opinion of the court was delivered by

WHEELER, J.  The decision of this case depends upon what the legislature meant by civil actions, in the act of 1868 relating to the city court for the city of Burlington, Gen. St., 1870, 1008. An action is a demand of a right in a court of justice.  A civil action is a like demand by a person of a civil right.  In such an action there must be some one to make the demand, and another of whom it is made, a plaintiff and a defendant.  The proceeding in question was created by statute for the purpose of condemning property that is dangerous to the public safety, and disposing of it so that it can do no harm.  It is not a suit between one party and another according to the course of the common law, and would not, either in ordinary or technical language, be classed among civil actions.  The cases cited in argument for the claimants relate to the rules of evidence and of practice in trials upon such proceedings, and in those cases it is decided that the trials are to be conducted, in some respects, like trials in civil actions. But none of the cases decide that these proceedings would be included among civil actions in a statute like this.  Those cases therefore can have no weight upon the decision of this case.

The judgment of the city court is affirmed.