## JOHNSON v. PERKINS.

### Intoxicating Liquor.

A judgment of forfeiture of intoxicating liquor under the statute, takes away the owner's interest therein. Subsequent misfeasance in relation thereto works no injury to him.

TRESPASS AND TROVER for nine casks of cider and the casks. Plea, the general issue, and notice of justification as an officer under process for the seizure and forfeiture of said cider pursuant to statute. Trial by jury, May Term, 1875, BARRETT, J., presiding.

Plaintiff offered evidence to contradict defendant's return upon the warrant issued to carry into effect a judgment of forfeiture of said cider to the town of Rutland. The court excluded the evidence, to which plaintiff excepted. Other exceptions were taken by plaintiff, but were not considered by the Supreme Court. The court directed a verdict for defendant.

*A. P. Hunton* and *M. J. Gilman*, for plaintiff.

*J. C. Baker* and *J. J. Wilson*, for defendant.

The opinion of the court was delivered by

Ross, J.    Most of the questions raised by the exceptions in this case, are the same that have been disposed of in the case of this plaintiff v. *Williams* at this term.*

In this case the plaintiff claimed the right to contradict the return of the defendant on the warrant turning the cider over to the town of Rutland, and claimed to be permitted to show that the defendant did not deliver the cider to the agent for the town of Rutland as therein stated, and that this made him a trespasser *ab initio*.    Prior to the issue of that warrant, or any doings of the defendant thereunder, the court had adjudged the property sued for, forfeited.    After this adjudication of forfeiture, the plaintiff ceased to have any legal interest in that property.    Any misfeasance or misconduct in regard to the property subsequently to that adjudication, could work no injury to the plaintiff, however it might be in regard to parties to whose benefit that adjudication inured.    The plaintiff cannot complain of the doings of the defendant in regard to the property after the adjudication of the justice had terminated his rights in and to the property, or to its possession.    The County Court, therefore, correctly rejected the offered testimony tending to show such misconduct by the defendant.

Judgment affirmed.

* *Ante*, p. 565.