STATE v. INTOXICATING LIQUOR, AND CLARK SMITH, CLAIMANT.

*Intoxicating Liquor.   Trial by Jury.   Constitutional.*

1. Intoxicating liquor, seized and condemned, according to law, is *outlawed;* is without rights, and a claimant of such liquor is not entitled to a trial by jury.
2. R. L. C. 169, ss. 3818, 3862, liquor law, construed.

COMPLAINT and warrant for the seizure of intoxicating liquor under sec. 3818, R. L.   Clark Smith appeared before the justice and claimed the liquors.   The justice adjudged the liquors forfeited.   The claimant appealed to the County Court, and there demanded a trial by jury, which was denied.   Heard, March Term, 1882, by the court, VEAZEY, J., presiding.   The case is stated in the opinion.

*R. C. Abell* and *Geo. M. Fuller,* for claimant.

The claimant is entitled to have the issue made by him tried by jury.   *Plimpton* v. *Somerset,* 33 Vt. 290 ; R. L. s. 3850 ; *Lincoln* v. *Smith,* 27 Vt. 328 ; Con. Vt. ; *State* v. *Peterson,* 21 Vt. 513 ; *State* v. *Prescott,* 27 Vt. 194 ; *State* v. *Intoxicating Liquor, Drew, Claimant,* 38 Vt. 387 ; *State* v. *Intoxicating Liquors, Kelly, Claimant,* 44 Vt. 208.

*Joel C. Baker,* for the State.

The seizure and condemnation of intoxicating liquor, is a proceeding *in rem,* to fix the status of property considered dangerous to the peace and good order of society, and if the proceedings are regular, they bind the whole world.   *Johnson* v. *Williams,* 48 Vt. 565.   After a decision of forfeiture the prior owner has no longer any interest in the liquor.   *Johnson* v. *Perkins,* 48 Vt. 572 ; the License Case, 5 How. 504 ; 94 U. S. 113 ; *Commonwealth* v. *Alger,* 7 Cush. 84 ; 9 Rep. 180.

State *v.* Smith.

The opinion of the court was delivered by

REDFIELD, J.   The liquor was seized and condemned under the statute, as kept for sale contrary to the laws of the State.   The defendant, as claimant, appeared before the justice, and averred that he is a druggist, had lawful use for the liquor, and it was not " kept for sale contrary to the law ;" and being overruled and the liquor condemned, he appealed to the County Court, and there demanded a jury trial, which was denied him.   Intoxicating liquor is *outlawed* by the statute, and made subject to seizure and confiscation.   It has no rights that the law is bound to respect.  It is a public enemy that, when discovered, the law smites.

This court decided in *Lincoln* v. *Smith*, 27 Vt. 328, that the statute for the forfeiture and destruction of this " public enemy" is constitutional and valid, as a proceeding *in rem*, for governing and regulating the " internal police" of the State.

It is a necessary power to preserve the public health and morals.   *Commonwealth* v. *Alger*, 7 Cush. 84; *Smith* v. *Forehand*, 100 Mass. 136.   No penalty can be imposed on the claimant, and no " issue joined proper for the cognizance of a jury."   Nuisances are abated by the officers of the law without the intervention of a jury.   Farms are cut up and house lots mutilated for the public benefit, under the order and decree of the court; rights in property to large amounts are extinguished and transferred to others in probate court, and a jury trial denied.   And in this there is no infringement of the constitutional right of the citizen.   The State has the right to destroy instruments, and base metals designed for use in debasing the currency of the country; or intoxicating liquors designed for destroying the health or debasing the morals of the people.   *Preston* v. *Spalding*, 21 Vt. 9.

It is a proceeding *in rem* to fix the status of property considered dangerous to the people, and if the proceedings are regular they bind the whole world.   *Johnson* v. *Williams*, 48 Vt. 565; *Johnson* v. *Perkins*, 48 Vt. 572.

The judgment of the County Court is affirmed.