## STATE *v.* KLONDIKE MACHINE.

May Term, 1904.

Present:  ROWELL, C. J., TYLER, MUNSON, START, WATSON, STAFFORD, and HASELTON, JJ.

Opinion filed June 1, 1904.

*Gambling Devices—Seizure—Order of Destruction—Appeal —No 121, Acts 1898.*

There is no right of appeal from the judgment of a justice of the peace ordering the destruction of a Klondike machine under No. 121, § 2, Acts 1898.

APPEAL from the judgment of a justice of the peace ordering the destruction of a Klondike machine upon a complaint brought before him under No. 121, § 2, Acts 1898, by the sheriff of Bennington County. Heard on motion to dis-

miss the appeal at the December Term, 1903, Bennington. County, *Watson, J.,* presiding. Judgment *pro forma* dismissing the appeal. The appellant excepted.

The Auto Machine Co. entered as claimant before the justice, and is the appellant.

*W. B. Sheldon* for the appellant.

The proceeding at first was *in rem* but, when the appellant came in as claimant, it became a proceeding *inter partes. State* v. *Adams,* 72 Vt. 255.

It never has been the policy of this State to take away the right of appeal in criminal cases. *In Re Kennedy,* 55 Vt. 1; *State* v. *Peterson,* 41 Vt. 510.

*J. J. Shakshober,* State's Attorney, and *O. M. Barber* for the State.

This proceeding is purely *in rem,* instituted to determine the status of the property. *In Re Powers,* 25 Vt. 261; *Woodruff* v. *Taylor,* 20 Vt. 65; *Johnson* v. *Williams,* 48 Vt. 565; *Johnson* v. *Perkins,* 48 Vt. 572; *State* v. *Intoxicating Liquor,* 55 Vt. 82; *State* v. *Barrels of Liquor,* 47 N. H. 375; *Barnatcoat et al.* v. *Six Casks of Gunpowder,* 1 Met. 255; *Com.* v. *Intoxicating Liquor,* 14 Gray 375.

A proceeding of this kind should be summary. It is in the exercise of the police power, and unless the statute authorizing the proceeding provides for an appeal, none lies. *Lincoln* v. *Smith,* 27 Vt. 333; *Lawton* v. *Steele,* 119 N. Y. 134; S. C. 7 L. R. A. 134; *Grossman* v. *Oakland* (Ore.) 36 L. R. A. 593; *Savannah* v. *Mulligan,* (95 Ga. 323), 29 L. R. A. 303; *Lowry* v. *Rainwater,* 35 Am. Rep. 420; *State* v. *Conlin,* 27 Vt. 318; *State* v. *Speyer,* 67 Vt. 502; *Indiana* v. *Robbins,* (Ind.) 8 L. R. A. 438; *State* v. *Karstendiek,* (La.)

39 L. R. A. 520; *State* v. *Ford,* 41 L. R. A. 55; S. C. 85 Md. 465.

Since the statute provides for notice to the owner of the machine, all constitutional requirements are met. *Lincoln* v. *Smith,* 27 Vt. 333; *Lowry* v. *Rainwater,* 35 Am. Rep. 420; *Com.* v. *Dana,* 2 Met. 329; *Bobel* v. *People,* 173 Ill. 19; *State* v. *Peterson,* 41 Vt. 504.

MUNSON, J.  No. 121, Acts of 1898, consists of three sections; of which the first imposes a penalty for keeping a Klondike machine in a place of public resort, the second provides for the seizure, condemnation and destruction of the machine, and the third gives justices jurisdiction of cases arising under the act.  The question is whether there is a right of appeal in proceedings under the second section.

It is held that the general provision allowing appeals from the judgments of justices in civil causes applies only to cases falling within the ordinary jurisdiction of justices, and cannot be extended to cases arising under a special and extraordinary jurisdiction.  *Griswold* v. *Rutland,* 23 Vt. 324.  This decision is not directly in point here, for the proceeding under the second section of this act, while not strictly a criminal proceeding, must be classed with criminal cases.  *State* v. *One Bottle of Brandy,* 43 Vt. 297.  But we think the reasoning of the decision may properly be applied to a case of this character.

The general provision governing appeals in criminal causes allows respondents to appeal from justice judgments against them in all cases where the judgment is not rendered upon a plea of guilty.  V. S. 1932.  The prosecution of the keeper under the first section of the act of 1898 is in line with the ordinary jurisdiction of justices, and may properly be treated as within the general provision just cited.  Moreover,

the third section of the act could not be construed as giving the justice final jurisdiction of the prosecution of the keeper, for to do so would make the provision unconstitutional. *State v. Peterson,* 41 Vt. 504. But the proceeding under the second section of the act is not a matter of ordinary jurisdiction, nor fairly within the language of the general provision for appeals; and the constitutional consideration does not require that it be brought within that provision, for in these cases the claimant would not be entitled to a jury in the County Court. *State* v. *Intoxicating Liquor, Smith Claimant,* 55 Vt. 82.

Section two provides that "if, upon hearing, it is found that such machine was seized in a place of public resort, the same shall be ordered destroyed, and the justice shall issue his warrant to carry such order into effect." If the Legislature had contemplated an appeal, it would doubtless have accompanied this provision with further sections regulating the appeal, and have adapted the language of the provision to the contingency of a final order in a higher court; as is done in the statute authorizing the destruction of intoxicating liquor. But the claimant argues that inasmuch as that statute recognizes the right of appeal without directly conferring it, it must be considered that the Legislature deemed the general provision for appeals applicable to proceedings of that character. This can hardly be claimed, however, when the history of the enactment is considered; for the act as originally passed contained an express provision for an appeal, and this remained in the statutes until omitted from the revision of 1880. Acts. 1852, No. 24, § 14; G. S. ch. 94, § 24; R. L. § 3824.

We hold that no appeal lies from the order authorized by the second section of this act.

*Judgment affirmed.*