HOLBERG MERCANTILE COMPANY v. STATE OF MISSISSIPPI.

[48 South. 622.]

INTOXICATING LIQUORS.  *Seizure. Jurisdiction of claims. Transfer of causes. Justice of the peace. Amount in controversy. Code 1906, §§ 1749, 1750, 1751. Claimants.*

Under Code 1906, §§ 1749, 1750, 1751, authorizing the issuance of warrants for the seizure and distruction of intoxicating liquors kept for unlawful sale, etc., proceedings must be begun before a justice of the peace, and should the goods seized be valued in excess of two hundred dollars and two or more persons claim separate parts of them, no part claimed exceeding two hundred dollars in value, the justice of the peace will have jurisdiction to try each claim and should not send any claim to the circuit court for trial unless it, separately considered, involves property worth more than two hundred dollars.

FROM the circuit court of, second district, Jones county.

HON. ROBERT L. BULLARD, Judge.

The state of Mississippi, appellee, was plaintiff in the court below; one Isaac Laskey, was defendant there, and the Holberg Mercantile Company, appellant, was claimant.

The proceedings originated in an affidavit, under Code 1906, § 1749, charging that defendant Laskey was keeping for unlawful sale and was offering to sell unlawfully, in a designated box car, large quantities of intoxicating liquors. A warrant for the seizure of the liquors so kept was issued by the justice of the peace, before whom the affidavit was made, and thereunder the sheriff seized liquors of the value, in the aggregate, of four hundred and twenty-one dollars and made due return thereof, to the justice of the peace. The Holberg Mercantile Company, appellant, claimed a part of the liquors, less in value than two hundred dollars, and two other parties separately claimed parts of the balance of the goods, but neither claimed goods in value exceeding two hundred dollars. The three claims, however, covered all the liquors seized.

The justice of the peace sent the entire case, all three of the claims to the circuit court. When the case came on for trial in the circuit court, the appellant moved a dismissal of the cause for want of jurisdiction, but the motion was overruled. Appellant's claim was controverted by the state, a trial thereof was had resulting in a verdict and judgment for the state, from which claimant appealed. The other two claims, by agreement, abided the result in the one actually tried and like judgments were entered in them, and the appeals in them followed the result in this one.

*R. V. Fletcher*, attorney-general for appellee.

The most seriously argued contention of appellant is that the case should have been dismissed from the circuit court because, while the total value of the liquor seized exceeded $200, the value of the part claimed by each claimant was less than $200, and therefore that the justice of the peace had the jurisdiction and not the circuit court. In the first place it would appear that the claimants are stopped from setting up any such claim.

The record shows that the claimants entered a motion in the justice's court to dismiss the case because the court had no jurisdiction, and in response to this motion an order was made by the justice transferring the cause to the circuit court. Then when the case reached the circuit court these same claimants again made a motion to dismiss the cause from the circuit court because it was improperly removed from the justice court. I do not think these claimants can thus play fast and loose with the law. They cannot object to the justice's jurisdiction and then afterwards object to the jurisdiction of the circuit on the ground that the justice erred in acceding to their demands.

But aside from this action the circuit court was correct. The whole thing is regulated by statute. The statute provides: "if the value thereof be over $200 the justice shall send the claim to the circuit court of the county for trial." Manifestly this

means that if the value of the liquor is over $200, regardless of the question as to how many claimants there are and the value of each one's claim. It should be remembered that this is altogether regulated by statute. The constitutional provision, section 171, which fixes the limit of the justice's jurisdiction has no application, for it has been held by the supreme court that a claimant's issue is not a "cause" within the meaning of section 171 of the Constitution and that the procedure in such cases is merely incidental to the jurisdiction of the court trying the main issue. *Bernheimer v. Martin,* 66 Miss. 486, 6 South. 326.

*R. E. Halsell* and *Stone Deavours,* for appellant.

In the circuit court the claimants moved to dismiss the case because the circuit court was without jurisdiction. This motion was by the court overruled, and a trial was had, resulting in a verdict for the state, and condemning the liquor and ordering it to be destroyed. Our contention is that the circuit court was without jurisdiction, and this case ought to have been sent back to the justice court for trial. This case depends on a construction of section 1750 of the Code of 1906. In the second paragraph this language is used: "If the value thereof be over $200, the justice should send the claim to the circuit court of the county for trial." It is true that the value of the liquor seized was over $200. There were four claimants, and each claim was less than $200, and we contend that the same rule applies to this case as applies to claimants' issues generally, and that the justice court had jurisdiction, and the circuit court was without jurisdiction and the case ought to have been dismissed.

Flowers,* Special Judge, delivered the opinion of the court.

Affidavit was made before a justice of the peace, under section 1749 of the Code of 1906, that liquors were being kept for

---

* Fletcher, J., having been of counsel before his appointment to the bench recused himself in this case and J. N. Flowers, Esq., a member of the supreme court bar was appointed and presided in his place.

an unlawful purpose in certain rooms and buildings in the city of Laurel. The writ issued and liquors valued at more than ⁄$400 were seized as the property of one Ike Laskey. Four claimants appeared, whose affidavits together covered the liquors seized. The value of that part claimed by each of them was less than $200. At the hearing the justice of the peace made an order sending the entire matter to the circuit court to be tried. When the cause came up in the circuit court, the claimants moved to dismiss it "because the court is without jurisdiction." The motion was overruled. It was agreed that the issue with this appellant should be tried and that the other claims should abide the decision in this case. The jury found against the claimants, and the liquors were ordered to be destroyed.

The record presented calls for a construction of that part of section 1750 of the Code which requires the justice of the peace to "send the claim to the circuit court of the county for trial" if the value of the liquors seized is over $200. The appellant contends that the jurisdiction of the courts is fixed by the value of the liquors claimed by one person. The appellee insists that the determining value is that of the liquors seized. This proceeding is statutory. It can be instituted only before a justice of the peace. The writ is returnable to a justice court. Section 1749. If no claimant appears, an order is made by the justice of the peace, on the return day of the writ, directing the destruction of the liquors. This order is made without regard to the value of the property. Unless a claim is made the justice of the peace has exclusive and final jurisdiction in all cases of seizure under these statutes. There is no case to send to the circuit court unless an affidavit of ownership is filed. The circuit court can get jurisdiction in no case of the kind unless the property is claimed, and then it deals only with the part claimed, and need not even know how much was seized at the same time with that in controversy. In the case at bar, if no claimant had appeared except this appellant, this justice could

have destroyed $260 worth and tried the issues as to the remaining $140 worth.

Since the justice court has final jurisdiction unless a claimant's affidavit is filed, that court must of necessity be expected to dispose of that part of the liquor seized for which no claim is made. It follows that, when a claim is sent to the circuit court to be tried, only the property claimed is involved in that trial. The value of the liquors put in controversy by each claim must determine the jurisdiction of the courts; and where there are several claimants there are as many independent cases to be tried. The authors of the statute assumed that the liquors seized would be the same as the liquors claimed, and therefore of the same value; that there would be but one claimant. The plan of the statute is plain. It is a justice court proceeding. That court was expected to deal summarily with all liquors seized and not claimed within the time allowed. It was expected further, that the justice court would try every claim which involved not more than $200. It is the evident purpose of the statute to make the value of the liquors involved in each claim determinative of the jurisdiction.

The judgment is reversed, and the cause is remanded, so that the circuit court may make an order sending the case back to the justice court for further proceedings.

Mayes, J., *dissented.*