## J. BLUMARDT et al v. CHAS. McDONALD, as Sheriff.

(162 N. W. 409.)

**Intoxicating liquors — imported into state — condemnation and destruction — proceedings for — not civil action — justice of peace — jurisdiction of.**

1. A proceeding for the condemnation and destruction of intoxicating liquors unlawfully imported into the state is not a civil action within the purview of § 112 of the state Constitution, limiting the jurisdiction of a justice of the peace in civil actions to causes where the amount in controversy, exclusive of costs, does not exceed two hundred ($200) dollars.

**Justice of peace — judgment of — appeal from — will lie.**

2. An appeal will lie from the judgment entered by a justice of the peace in such proceeding.

**Justice of peace — judgment of — regularly entered — liquor — destruction of — order of justice — collaterally attacked — cannot be — officer holding liquor — action against.**

3. A judgment regularly entered by a justice of the peace in such proceeding, ordering the destruction of liquor, cannot be assailed collaterally by means of an action against the officer holding the liquor under the judgment.

Opinion filed April 20, 1917.

From an order of the District Court of Morton County, NUESSLE, Special Judge, overruling a demurrer to the complaint, defendant appeals.

Reversed.

*John F. Sullivan* and *J. A. Heder* for plaintiffs and respondents.

*Wm. Langer,* States Attorney (now Attorney General), and *George E. Wallace* for defendant and appellant.

CHRISTIANSON, J.   This is an appeal from an order of the district court of Morton county overruling a demurrer to plaintiffs' complaint. The plaintiffs, who are twenty-six in number, in their complaint

Note.—Of general interest in connection with this case, see the following notes:

On power to prohibit the keeping of intoxicating liquor, irrespective of any intention to sell it in violation of law, 26 L.R.A.(N.S.) 394, L.R.A.1915D, 172; on constitutionality of statute forbidding carrying of liquors into prohibition district, 17 L.R.A.(N.S.) 299.

allege: "I. That the defendant is the duly elected, qualified, and acting sheriff of Morton county, North Dakota.

"II. That the plaintiffs are the joint owners of twenty-six barrels of claret wine, and entitled to the immediate possession thereof.

"III. That said wine was on the 4th day of December, 1914, at Hebron, North Dakota, seized and taken into possession by the defendant as said sheriff, or by his deputy, and said twenty-six barrels of wine are now in the possession of the defendant as such sheriff; that said wine was so seized by the defendant or his deputy upon the assumption that said wine had been shipped or imported into the state of North Dakota in violation of law, and was subject to be destroyed upon the order of a justice of the peace.

"IV. That on the 21st day of December, 1914, in justice court, before H. L. Henke, justice of the peace of Morton county, North Dakota, in a proceeding entitled, "In the Matter of the Seizure of Twenty-six Barrels of Claret Wine. State of North Dakota, County of Morton, —ss.: John Heinle, Jacob Shuter, Jr., and C. Meir,"—to determine whether or not said wine has been shipped into the state of North Dakota in violation of law, it was adjudged and determined by said justice of the peace that said wine had been shipped into said state in violation of law, and said justice of the peace at said time ordered that said wine be destroyed.

"V. That said twenty-six barrels of wine are now in the custody of the defendant as sheriff of Morton county, North Dakota, and said defendant threatens to destroy said wine and the whole pursuant to the order of said justice of the peace, and will destroy all of said wine pursuant to the order of the said justice of the peace, unless restrained therefrom by the order of this Court."

The complaint further alleges that the twenty-six plaintiffs have an equal interest in said twenty-six barrels of wine, and that said wine was shipped into the state for lawful purposes for the use of the plaintiffs and their families in their respective homes, and that said liquor was not shipped or imported into the state for sale, barter, gift, or exchange as a beverage, but was shipped in a carload lot as a matter of convenience and to save freight charges; that the wine is of the value of twenty-five ($25) dollars per barrel, and that the twenty-six barrels are worth six hundred fifty ($650) dollars.

The complaint further alleges that § 10,114 of the Compiled Laws of 1913 violates § 112 of the Constitution of the state of North Dakota, in this that said § 10,114 attempts and purports to confer upon the justice court jurisdiction to determine the status of property exceeding two hundred ($200) dollars in value, and authorizes a justice of the peace to order destruction of such property, regardless of its value; and that consequently the order made by the justice of the peace and the proceedings had before him under said statute are null and void.

These plaintiffs therefore demand judgment that the defendant and his deputies be enjoined from destroying said twenty-six barrels of wine, and that they have judgment for the possession thereof.

The defendant demurred on the ground, among others, that the complaint does not state facts sufficient to constitute a cause of action.

Defendant contends that the complaint on its face shows that the wine in question is in his possession under and by virtue of proceedings had under § 10,114, Comp. Laws 1913, and that the order entered by the justice cannot be attacked collaterally, but that the plaintiffs were required to appeal therefrom. The plaintiffs contend that § 10,114, Comp. Laws 1913, is unconstitutional, and that consequently all proceedings had thereunder are null and void.

In our opinion these contentions embody the pivotal points presented on this appeal.

Logically, the first point to be considered is the constitutionality of § 10,114, Comp. Laws 1913. Plaintiffs contend that this section purports to confer upon the justice's court jurisdiction to determine the status and order the destruction of property, regardless of its value; and consequently contravenes § 112 of the state Constitution, which limits the jurisdiction of the justice of the peace in civil actions to causes where the amount in controversy, exclusive of costs, does not exceed two hundred ($200) dollars.

Plaintiffs' argument is predicated on the assumption that a proceeding under § 10,114, Comp. Laws 1913, is a civil action. Civil actions within the purview of § 112 of the Constitution are such actions as were formerly cognizable at law, and directly involving a sum of money or personal property not exceeding a stated amount or value. Mead v. First Nat. Bank, 24 N. D. 12, 138 N. W. 365. The authorities are in conflict with respect to the nature of the proceeding authorized by

§ 10,114, supra. Some courts hold it to be a. civil proceeding, but the weight of authority holds that it is a criminal proceeding. See Woollen & T. Intoxicating Liquors, § 600, and authorities cited therein. See also Black, Intoxicating Liquors, § 352.

We deem it unnecessary to enter into any extended discussion of the nature of the proceeding. All that is necessary for us to determine is whether it is a civil action, within the purview of § 112 of the state Constitution, and we are all agreed that it is not a civil action as contemplated by that section of the Constitution.

Section 10,114, Compiled Laws of 1913, is a part of the Penal Code of this state, and the sole purpose of the proceeding is to enable the officers of the law to seize and cause to be destroyed intoxicating liquors, the subject of crime or the means of perpetrating it.

Clearly the proceeding "would not, either in ordinary or technical language, be classed among civil actions." State v. One Bottle of Brandy, 43 Vt. 297; Holberg Mercantile Co. v. State, 95 Miss. 21, 48 So. 622; State v. Arlen, 71 Iowa, 216, 32 N. W. 267. Neither can it be rightfully designated a criminal prosecution. Rather may it be called a *quasi* criminal and civil proceeding, created by the statute for the purpose of condemning intoxicating liquors within the state when such liquors are the subject of, and the means for committing crime.

Under § 217 of the state Constitution, the manufacture or importation of intoxicating liquors for sale or gift, or the keeping or selling or offer thereof for sale or gift, barter or trade as a beverage, is prohibited, and the legislative assembly is directed to prescribe, by law, regulations for the enforcement of such constitutional provision.

While intoxicating liquors are personal property, and capable, under our laws, of lawful use and sale by registered pharmacists for medicinal, mechanical, and scientific purposes (Comp. Laws 1913, §§ 10,093–10,100), the section of the Constitution to which we have referred is a positive declaration to the effect that the manufacture, importation, sale, or keeping or offering for sale of intoxicants as a beverage is unlawful in this state. And the further direction in the constitutional provision under consideration "that the legislature assembly shall by law prescribe regulations for the enforcement of the provisions. of this article, and shall thereby provide suitable penalties for the violation thereof," is a clear and unequivocal command to the legislature to enact.

laws to carry out the intent manifested by the provision, and to prescribe suitable penalties to be imposed upon whatever persons may violate the same.

Under this provision the legislature is given express power to enact such laws as it may deem proper and necessary to enforce the constitutional provision, subject, of course, to whatever restriction has been placed upon such legislative power by other germane provisions of the state or Federal Constitution.

In our opinion the constitutional provision which we have quoted conferred upon the legislature express authority to enact laws providing for the seizure and destruction of intoxicating liquors imported into the state, or kept therein, for unlawful purposes. In fact the power of the state to seize and destroy intoxicating liquors kept for sale or distribution in violation of law is generally recognized. Woollen & T. Intoxicating Liquors, §§ 596 et seq.; Joyce, Intoxicating Liquors, § 498; Black, Intoxicating Liquors, § 351. See also J. B. Mullen & Co. v. Moseley, 13 Idaho, 457, 12 L.R.A.(N.S.) 394, 121 Am. St. Rep. 277, 90 Pac. 986, 13 Ann. Cas. 450; James Clark Distilling Co. v. Western Maryland R. Co. 242 U. S. 311, 61 L. ed. 326, L.R.A.1917B, 1218, 37 Sup. Ct. Rep. 180; Freund, Pol. Power, §§ 204 et seq.; Bierly, Pol. Power, p. 119; Tiedeman, Pol. Power, § 103, pp. 298 et seq.; Balch v. Glenn, 85 Kan. 735, 43 L.R.A.(N.S.) 1080, 119 Pac. 67, Ann. Cas. 1913A, 406; Los Angeles County v. Spencer, 126 Cal. 670, 77 Am. St. Rep. 217, 59 Pac. 202, 385. We are therefore of the opinion that § 10,114 does not violate § 112 of the Constitution, nor has it been shown to us that any other constitutional provision is violated thereby.

Section 10,114, supra, was enacted by the legislative assembly in 1907, and originally constituted a part of chap. 188, Sess. Laws 1907. This legislative enactment was apparently intended to obviate the differences then existing between the laws of this state and other states as pointed out in the decision in State ex rel. Kelly v. McMaster, 13 N. D. 58, 99 N. W. 58, wherein this court held that no proceeding *in rem* against the liquor was authorized under the then-existing laws. The section under consideration provides for notice and hearing before the justice of the peace, and the rendition of a judgment by him. And while no provision is made therein giving an appeal to a party claiming to be aggrieved by his determination, we are inclined to agree with

the contention of the states attorney (now attorney general of this state) that the legislature intended that the provisions in the justice's Code relative to appeals should apply to judgments entered by the justice of the peace in proceedings instituted before him under § 10,114, supra. This is also the conclusion reached by the supreme court of the state of Iowa in a similar case. See Part of Lot 294 in Ottuma v. State, 1 Iowa, 507. We cannot believe that it was the legislative intent to make the justice's determination final. This would be wholly contrary to, and at variance with, the uniform and well-settled policy prevailing in this state, relative to determinations of justices of the peace, as the right to appeal from a judgment of a justice of the peace in any civil or criminal action arising under the laws of this state is, and has been, given in all cases. Comp. Laws 1913, §§ 9163, 9174. It would also be contrary to the prevailing policy with respect to the Prohibition Law itself, which allows to the defeated party the right of appeal in all cases where proceedings are had before the district court. It cannot be assumed that the legislature intended to confer upon a justice of the peace greater powers than those conferred upon the district court, or invest judgments rendered by a justice of the peace with greater force and effect than those rendered by a court of record. If the legislature had intended to make the determination of a justice of the peace final, and deny the aggrieved party the right of appeal therefrom (assuming, without deciding, that the legislature had power to so do), we should expect to find the legislative intent expressed in positive and unequivocal terms.

The remedy of the plaintiffs was therefore to appeal from the judgment entered by the justice of the peace. They cannot be permitted to attack it collaterally in this action. 23 Cyc. 1082; 24 Cyc. 608, 609.

As the complaint in the instant case shows that the defendant sheriff holds the wine involved herein, under and by virtue of an order entered by the justice of the peace in a proper proceeding instituted before him, and there is no allegation of facts showing such order to be void, it follows that the complaint fails to state facts sufficient to constitute a cause of action. See Woollen & T. Intoxicating Liquors, § 607; Joyce, Intoxicating Liquors, § 544.

The order appealed from must therefore be reversed and the cause remanded for further proceedings in conformity with the views expressed in this opinion.

ROBINSON, J. (dissenting). In this case it is extremely difficult to write a dissent without using some swear words. The majority opinion does violence to the fundamental principles of constitutional law for the protection of private rights and property. It holds, in effect, that a justice of the peace may be given unlimited power for the destruction of private property, however valuable it may be, and that the owner of the property has no redress except by way of an appeal from the decree of the justice. And yet the statute does not provide for any appeal or any means of staying the destruction pending an appeal. And how is anyone to know that this court or a justice of the peace would allow an appeal when it was not allowed by statute, and when nearly all court rulings are to the contrary.

The case comes to this court on an appeal from an order overruling a demurrer to the complaint. It does not properly involve any question concerning the rights or jurisdiction of a justice of the peace to order the destruction of property. The complaint avers that the plaintiffs own the wine in question, and that the defendant wrongfully withholds it and threatens to destroy it,—*and that is a cause of action.* Hence, the demurrer is not good. If it be true that a justice of the peace may obtain jurisdiction to order the destruction of property, the pleadings do not show any such jurisdiction. And it is not for the plaintiff to plead any such jurisdiction; it was for the sheriff to plead and prove a record justifying his holding of the property. It was for him to show that a judgment for the destruction was duly rendered by a court having competent jurisdiction. The jurisdiction of a justice of the peace is never presumed. While the decision here does unjustly sustain the demurrer to the complaint and remands the case for further proceedings, it does not preclude an amendment of the complaint nor a jury trial. It is not so frightful as the former decision, ordering the destruction of the property without any evidence whatever, and on a mere demurrer to a complaint which shows that the property was legally imported.

There are three similar suits in which ninety-five parties claim ninety-five barrels of wine, one barrel for each person, as a good winter supply. It is thirteen months since the appeal was filed in this court. Three months ago, when it was argued and submitted on a rehearing by direction of the Chief Justice, I promptly wrote my decision and

gave it to the judges and the press.   Now, after three months of incubation, the other judges sign up to a contrary decision.   Without examining the record or saying a word on the subject, the judge assume that the justice of the peace had jurisdiction of the parties and the property, but that is a wild assumption.   Then they proceed to hold that the prohibition statute gave a justice ample jurisdiction to order a destruction of the property, regardless of its value.   That is awful!

Under the Constitution justices of the peace have jurisdiction in civil actions when the amount in controversy, exclusive of costs, does not exceed $200, and they have such jurisdiction as may be provided by law to determine cases of misdemeanors.   It is conceded that if the proceedings before the justice were a civil action, or a criminal action, then the justice would have had no jurisdiction, because in those actions his jurisdiction is expressly limited by the statute.   But as the proceeding is not denominated as an action, the judges hold there is no limit to the jurisdiction of the justice.   Thus it seems that by the mere use of words the legislature may evade and throw aside the limitations of the Constitution, as by calling a crime a contempt.

An action is an ordinary proceeding in a court of justice by which one party prosecutes another party for the enforcement or protection of a right, or the redress or prevention of a wrong, or the punishment of a public offense.   Comp. Laws 1913, § 7330.   A criminal action is a prosecution by the state as a party against a person charged with a public offense, for the punishment thereof.   Comp. Laws 1913, § 7333. Every other is a civil action.   Every legal proceeding before a justice of the peace must be either a civil or a criminal action.   But to evade the law the procedure is given a new name.   It is called "a quasi-criminal and civil proceeding."   That name settles it.   Then the blame is put on Comp. Laws 1913, § 10,114, regardless of the fact that no attempt was made to show any compliance with that statute.

The case turns on constitutional principles which are simple and fundamental.   Under the Constitution all men have a right to acquire, possess, and defend property, and to pursue and obtain safety and happiness.   All courts must be open, and every man for any injury done him in his goods, person, or reputation should have a remedy by due process of law, and right and justice administered without sale,

denial, or delay. The right of trial by jury shall be secured to all and shall remain inviolate.

These great fundamental rights can be in no way impaired by any prohibition statute only so far as expressly permitted by the Constitution. Section 217 reads: "No person shall manufacture for sale or gift any intoxicating liquors or import any of the same for sale or gift or offer the same for sale or gift as a beverage." Thus, it is true, this does impose a limited restriction on natural rights, but it in no way permits the legislature to put any restraint on the natural right of any man to import and keep liquor for his own use. That is a right which can never be denied by even a bone-dry statute, without an amendment to the Constitution.

The prohibition section of the Constitution in no way limits the right of trial by jury or the right to a remedy for all wrongs by due process of law. It in no way removes the limitations of the Constitution on the jurisdiction of justices of the peace.

If an action or proceeding may be prosecuted for the destruction of any property, it must be in courts having jurisdiction; there must be an opportunity for a trial by jury with all the safeguards known as due process of law.

In this state there is an immense pressure to undo the principles of civil liberty and of personal rights, and that pressure has been felt by the judges, and they have left monuments to witness it. There is no safety in popular rule unless it be in strict conformity to law. When the furies are once let loose, it becomes impossible to restrain them, and the result is anarchy and the destruction of civil rights and liberties.