### EDGAR, ET AL., v. THE STATE.

1. LIQUOR: *Sale by agent or bar-tender.*
   A sale of liquor to a minor, by the agent or bar-tender of the owner of a saloon, is a sale by the owner, for which he is liable whether present or not.

2. SAME: *Retailing: Not a natural right.*
   The retailing of spirituous liquors is not a natural right, and persons engaging in it must submit to such terms, regulations and burdens as the legislature may impose for the public good.

3. SAME: *Sale to minor: Proof of.*
   An adult and minor went to a saloon and drank liquor over the bar. It was not proved who called for the drinks. The adult paid for them in checks. The minor testified that he did not pay for them, that he was a bar-tender at his father's saloon, and frequently drank at other saloons without paying; and if the drinks were paid for he did not know it. HELD: That the evidence disclosed a sale either to the adult or minor, or both, but to which was for the jury to determine. (2) That payment in checks, or no payment at all, was immaterial. It was a question of sale and not of payment; and if there was a sale to the minor alone, or jointly with the adult, the saloon-keeper was guilty.

APPEAL from *Craighead* Circuit Court.

Hon. W. H. CATE, Circuit Judge.

*J. C. Hawthorne* for Appellant.

It was a matter of fact for the jury to ascertain whether the sale was made to the minor or to Hughes, or, in fact, whether there was a sale at all. A careful scrutiny of the evidence fails

to disclose any evidence tending to prove a sale to the minor. Under the state of facts a jury would not have been warranted in finding that a sale was made to the minor. The instruction assumed that a sale was made to the minor, and clearly usurped the province of the jury. *Kurtz v. State, 79 Ind., 488; St. Goddard v. Burnham, 124 Mass., 598.*

The common law principle, that a person accused of crime is presumed to be innocent until guilt is established by evidence, was completely ignored in this instruction.

In conclusion, we submit that the third instruction set out 'is erroneous; a sale implies a transfer of property for money. *Massey v. State, 74 Ind., 368; Bouv. Law Dict.*

The transaction between appellant's bar-tender and Hughes was a barter of the drinks for checks. However great the evil may be for vendors of ardent spirits, etc., to barter spirits to minors, the statutes of the state do not prohibit them from doing so. *Acts 1879, p: 38, Sec. 19.*

*Dan W. Jones*, Attorney General, for the State.

The case of *Robinson and Warren v. State, 38 Ark., 641*, is not only the law of this state, but is based upon sound principle, and should not be disturbed.

It is immaterial whether the liquor was paid for in checks or paid for at all, it being not a question of payment but of sale. *Hale v. State, 36 Ark., 150.*

SMITH, J. Appellants were jointly indicted for being interested in the unlawful sale of wine to a minor, without the consent in writing of the parent or guardian of the minor, and at the September term, 1884, of the Craighead circuit court for the Jonesboro district, were tried, convicted and fined $50 each.

Edgar, et al., v. The State.

The proof showed that Ben. Hughes, an adult, and Levi Shirey, the minor, went to the saloon of Edgar & Dowell, the defendants, and drank over the bar. The witnesses could not remember who called for the drinks. Hughes paid for them in checks. Shirey, the minor, stated that he did not pay for them; that he was his father's bar-keeper, and that he frequently went to saloons other than his father's, and took drinks without paying for them, and that if those drinks were paid for by any one he did not know it; and that neither of the defendants was present.

The court instructed the jury as follows:

1. LIQUOR: Sale by agent.

"2. If the jury find that the saloon at which the minor got the drink belonged to defendants, and that the sale was made by both or either, or by their clerk, agent or bar-tender, they will be held to be interested in said sale, whether made by them or their agent, and they will both be guilty in either event, whether present or not.

"3. If the jury find that Shirey, the minor, and the witness, Hughes, both went up to the counter and called for the drinks, and the bar-tender set out the drinks called for to both parties, it was a sale to both; and the fact that Hughes, after they had taken the drinks, paid for them, would not change the character of the sale, or make it a sale to Hughes only.

"4. The fact that the drinks were paid for with checks instead of money, will not alter the case. A sale may be made for money or any other thing of value, and if it appears that the drinks were sold and the bar-tender accepted their checks in payment, they will be presumed to have had a value."

2 Selling liquor, not a natural right

The second direction followed *Robinson v. State, 38 Ark., 641.* The retailing of spirituous liquors is not a natural right, but is subject to the police power of the state. Persons embarking in the business must submit to such regulations, terms and burdens as the legislature may impose for the public good.

The evidence certainly discloses a sale to Hughes, or the minor, or to both. To whom the sale was actually made was a question for the jury. If each ordered the drinks, it was a sale to them jointly or severally. That the minor did not pay his score, or that it was paid by his companion, or whether, in fact, it was ever paid at all, is immaterial. It was a question of sale, not of payment. *Hale v. State, 36 Ark., 150.*

The fourth direction may not contain an accurate definition of a sale; but the defendants could not have been prejudiced. If the checks, that are mentioned as the medium of payment, were checks on a bank, there could, of course, be no difficulty in construing them to be promises to pay. If on the contrary, as is contended in the argument here, they were mere counters or tickets sold by the defendants, worth a certain sum, and to be taken up in drinks at their bar, the jury would be warranted in inferring that they were the representatives of money. *Stevens v. State, 3 Ark., 66; Fagan v. State, 21 Id., 390.*

But the circumstance of payment is, in this case, unimportant. The sale was complete upon the delivery of the wine to the minor, pursuant to his request, and upon the understanding by the bar-tender that compensation would be made.

Affirmed.