## OSBORNE *v.* STATE.

### Opinion delivered January 13, 1906.

LIQUORS—SALE IN PROHIBITED TERRITORY—DEFENSE.—In a proceeding *in rem* against liquor alleged to have been kept in a prohibited district to be sold contrary to law, it is no defense that it was being sold by the agent of the claimant without the latter's knowledge and against his will, as the liquor is contraband and subject to be destroyed when it is being used, no matter by whom, contrary to law.

Appeal from Marion Chancery Court; T. H. HUMPHERYS, Chancellor; affirmed.

#### STATEMENT BY THE COURT.

Appellant, Osborne, was a distiller, and had the right, under a government license, to sell whisky in quantities of not less than five gallons. He shipped a quantity of whisky to his agent in a prohibited district, instructing him to sell the same in legal quantities. Said agent, without the knowledge or consent of appellant, was selling same in violation of the law. Information having been filed, said liquor was seized to be destroyed, as authorized by section 5137, Kirby's Digest. Appellant interpleaded for the possession of the property, but the court below found against him, and he appealed.

*Pace & Pace* and *J. C. Floyd,* for appellant.

1. As a licensed distiller, appellant had a right to sell liquor in original packages of not less than 5 gallons. Kirby's Digest, § 5093.

2. The liquors were not shipped into, nor kept in, a prohibited district, to be sold contrary to law. 70 Ark. 94.

3. Appellant is not responsible for the criminal acts of his agent done in violation of his instructions. 36 Ark. 155; Bishop on Stat. Crimes, § 1024; 1 Bish. Crim. Law (5 Ed.), § 218.

*Robert L. Rogers, Attorney General,* for appellee.

1. The proceeding was *in rem.* Kirby's Digest, § 5137; 48 Vt. 566; 55 Vt. 82.

2. It was sufficient to show that the liquors were being kept in a prohibited district to be sold contrary to law.

3. Notwithstanding appellant's good faith and innocence of participation in the agent's crime, he can not claim the liquors as exempt from seizure. 107 Mass. 396.

Wood, J., (after stating the facts.) The liquor in controversy was kept in a prohibited district, and was being sold contrary to law. That brought it within the ban of section 5137 of Kirby's Digest. It was wholly immaterial as to who owned the liquor, or what his purpose concerning it was. The statute is directed against the liquor itself that may be "kept in or shipped into any prohibited district to be sold contrary to law." When it is shown, as it is here, that the liquor is being sold contrary to law, the nuisance exists, and it boots not the owner to say that it was being sold without his knowledge and against his will. The fact remains that the agent whom the owner entrusted with the liquor was selling it contrary to law. The proceeding is *in rem.* The *liquor* is the offender, so to speak; it is contraband, and to be destroyed when it is being used, no matter by whom, contrary. to law. Black on Int. Liq. § 352; *Com.* v. *Certain Intoxicating Liquors,* 107 Mass. 396; *State* v. *Intoxicating Liquors,* 55 Vt. 82.

Affirm.