LINDLEY *v.* STATE.

Opinion delivered June 28, 1909.

1.  CONSTITUTIONAL LAW—ACT RELATING TO SEIZURE OF LIQUORS.—So much of the act of February 13, 1899, as makes it the duty of certain officers to issue a warrant for the seizure of intoxicating liquors, and to destroy same after it shall have been established that such liquors were illegally kept for sale, is not unconstitutional. *Ferguson* v. *Josey,* 70 Ark. 94, followed. (Page 289.)

2.  LIQUORS—OVERLAPPING PROHIBITORY DISTRICTS.—Under Kirby's Digest, § 5129, providing in effect that the adult inhabitants residing within three miles of any school house, by complying with its terms, may have the sale of intoxicating liquors prohibited within three miles of such school house, the areas embraced in two or more such prohibitory orders may overlap each other, without impairing the obligation of either order. (Page 289.)

3.  SAME—EFFECT OF REVOKING PROHIBITORY ORDER.—An order of the county court revoking an order putting in force the three-mile prohibitory law within certain territory does not affect another prohibitory order then in force, though a part of the same area may have been embraced, in both prohibitory orders. (Page 290.)

4.  SAME—THREE-MILE DISTRICT—WHETHER ORDER OPERATIVE IN ANOTHER STATE.—When the point which marks the center of the three miles within which a prohibitory statute has been put in force is less than three miles from the State boundary, only that segment of the circle which is within the limits of the State is affected by the order, and only the adult inhabitants of this State within the territory affected should be considered in determining whether the petition, either for putting in force the three-mile law or for revoking such prohibitory order, contains the requisite majority. (Page 290.)

5. SAME—SUFFICIENCY OF CENTER OF THREE-MILE DISTRICT.—An order putting in force the three-mile prohibitory law in certain territory which describes the school house as a new stone public school house situated in a certain town is not defective because the school is described as being on block 23, instead of block 22, where it is in fact situated. (Page 292.)

Appeal from Fulton Circuit Court; *John W. Meeks,* Judge; affirmed.

STATEMENT BY THE COURT.

On the 6th day of February, 1909, the prosecuting attorney of the 16th judicial circuit of the State of Arkansas instituted separate proceedings against T. B. Lindley and T. V. Marshall, partners under their firm name of Lindley & Marshall, and Joe Lancaster, under the act approved February 13, 1899, alleging that they were engaged in the illegal sale of liquor in a prohibited district, and asked that the same be destroyed. The said Lindley & Marshall and Joe Lancaster answered. They admitted they were engaged in selling the liquors seized in the town of Mammoth Spring in Fulton County, and sought to justify their action by a license to sell the same granted by the county court of said Fulton County, Arkansas, on the 6th day of January, 1909. By consent of the prosecuting attorney and the respective defendants, the circuit court ordered the two proceedings to be consolidated and tried together.

The facts are uncontroverted, and, briefly stated, are as follows: On the 8th day of July, 1905, an order was made by the county court of Fulton County prohibiting the sale or giving away of intoxicating liquors within three miles of the public school house in the town of Mammoth Spring, Fulton County, Arkansas. At its April term, 1908, the county court of said county made an order prohibiting the sale or giving away of intoxicating liquors within three miles of the Mammoth Spring new stone public school house, situated on block 23 in said town of Mammoth Spring. At the general election held in September, 1908, a majority of the votes both in the county of Fulton and in the township in which the town of Mammoth Spring is situated were cast for license.

The new school house was erected in 1908 before the order of the April term, 1908, was made. The two school houses were

within a quarter of a mile of each other. The new school house is situated on block 22 instead of block 23.

At the January term, 1909, the county court of said Fulton County under the statutes applicable thereto duly made an order revoking and nullifying the order of July 8, 1905, aforesaid, and granted license to the said Joe Lancaster and to Lindley & Marshall to run a dramshop or drinking saloon within said town of Mammoth Spring. Their saloons were located within a quarter of a mile of the school house mentioned in the prohibitory order of the April term, 1908, of said Fulton County Court. Both of said school houses were about three-fourths of a mile distant from the boundary line between the States of Arkansas and of Missouri. A majority of the inhabitants living within three miles of each of said school houses resided in the State of Missouri, and they were not considered when said prohibitory orders were made. Upon these facts, the circuit court found that the defendants were engaged in the illegal sale of liquors in said town of Mammoth Spring. Their liquors were condemned and ordered to be publicly destroyed. They have duly appealed to this court.

*McCaleb & Reeder* and *Morris M. Cohn,* for appellants.

1. The act of Feb. 13, 1899, is unconstitutional. Though this court has heretofore passed upon some questions which relate to the constitutionality of the act, it did not intend to hold that when a sheriff seizes property under a void or illegal warrant his acts are not illegal *ab initio.* Neither will this court say that a general warrant, by whomsoever it may be issued, can justify a sheriff in *seizing* property under it. An act which makes a raid' upon a man's property the first step in a legal process is void *in toto.* That the proceeding is civil in form does not change the fact that it denounces forfeitures and penalties of the severest kind. Being civil in form does not determine the true character of the proceeding. 116 U. S. 616; *Id.* 463; 150 U. S. 476; 142 U. S. 560; 3 Wheat. 246; 29 L. R. A. 820; 4 Dillon 128; 28 Kan. 743; 47 Mo. 73. If the statute which provided for it created a forfeiture or penalty for a past offense, it would be clearly *ex post facto.* 4 Wall. 333; *Id.* 277; 16 Wall. 234; 97 U. S. 381; 120 Ky. 737; 106 La. 743; 109 La. 236; 116 U. S. 636. It is unconstitutional in that it provides for unreasonable seizures. Art. 11, § 15; Magna Carta ¶¶ 23, 25-28, 35; Barrington, Mag.

Car. 275, 278; 19 Howell's St. Trials 1029; 116 U. S. 625-629; 74 Ark. 302; 69 Ark. 521; 75 Ark. 542; 1 Gray (Mass.) 1; 61 Am. Dec. 381, 384, 385; 65 Ark. 159; 68 Ark. 34; 70 Ark. 329; 74 Ark. 364; 87 Ark. 409; 175 Ill. 101; 13 Gray 454; 99 Mass. 334; 105 Mass. 178; 4 Mich. 125; 68 Mich. 549; 32 Am. Rep. 420; 54 N. H. 164; 25 Conn. 287; 27 Vt. 328. It deprives a man of his property without due process of law. 124 Ind. 308; 61 Am. Dec. 381; 2 Am. Rep. 201; Fed. Cas. No. 5766; 68 Mich. 549; 13 N. Y. 378; 41 S. C. 220; 20 Barb. 168; 82 Ill. 162; 31 How. Pr. 334; 44 Miss. 367; 3 Litt. (Ky.) 37; 10 Wend. 266; 10 O. 31. It conflicts with art. 11, § § 17 and 21, Const. Being unconstitutional, it is not, and never was, a statute; and presence in court, filing a response and contesting proceedings under it does not operate as a waiver. 31 Ark. 701; 43 Ark. 180; 46 Ark. 312; 92 U. S. 531; 50 Ind. 341; 34 La. Ann. 97; 1 Cr. 137; Fed. Cas. No. 18,032; 74 Cal. 112; 6 Pick. (Mass.) 440; 7 N. H. 35.

2. The prohibitory order of July 8, 1905, was in any event effective for two years, and remained, in fact, under the statute, effective until, on a petition of a majority of the adult inhabitants of the district, an order revoking it should be entered. Kirby's Dig., § 5129. A prohibition district thus created is as clearly defined and established as a school district, township or county. 72 Ark. 90; 40 Ark. 290; 41 Ark. 308; 42 Ark. 361; 45 Ark. 458; 56 Ark. 110. The district must be clearly defined by reference to one central point, and takes no note of county limits. 45 Ark. 458; 56 Ark. 110. It was the intention of the lawmakers that a district, when formed, should remain single and unalterable save by legislative enactment, or by petition of a majority of the adult inhabitants therein; and it does not lie in the power of those favoring or opposing license to superimpose one district upon another in whole or in part. 77 Ark. 22; 85 Ark. 306; 73 Ark. 418. The county court's order of January, 1909, revoked the prohibitory order of July, 1905, and thereafter license was issued to appellants. It had jurisdiction, and no appeal was taken. The order is not subject to collateral attack. 55 Ark. 275; 5 Ark. 303; *Id.* 305; 22 Ark. 118; 23 Ark. 121; 31 Ark. 74; 24 Ark. 111; 31 Ark. 175; 50 Ark. 338.

3. The order made at the April term, 1908, forming a district with the new stone public school house on block 23 as a cen-

tral point is void, because (1) That part of the district which was in Arkansas was not composed of an area extending three miles from a central point in all directions. (2) If it did not include such an area, it embraced territory in Missouri. (3) The petition was not signed by a majority within the area. 45 Ark. 458; *Id.* 150; 40 Ark. 290; 59 Ark. 344; 71 Ark. 256; 18 Wall. 457; 161 U. S. 256; 15 C. C. A. 201; 17 *Id.* 138; 36 N. E. 237; 86 Ark. 591; Kirby's Dig., § 5129. The school house mentioned in the order was not on block 23, but there was one on block 22—a material difference. 43 Ark. 150; 40 Ark. 293.

*Hal L. Norwood,* Attorney General, *C. A. Cunningham,* Assistant, and *C. E. Elmore,* Prosecuting Attorney, for appellee.

1. The county court upon petition of a majority of the adult inhabitants acquired jurisdiction to make the order which it did make at the April term, 1908, prohibiting the sale of liquor within three miles of the "Mammoth Spring New Stone Public School House;" and thereafter it was powerless, for two years, to grant license. Kirby's Dig., § 5129; 40 Ark. 290; 36 Ark. 178; 43 Ark. 361; 35 Ark. 414. The variance in description as to the location of the school house is not sufficient to avoid the order. The statute does not require the petition to describe upon what block or lot a church or institution of learning is situated, but it is sufficient to describe it as an academy, college, university or institution of learning, by whatever name it may be known in the community, so as to identify it with reasonable certainty. Kirby's Dig., § 5129; 36 Ark. 178; 31 Ark. 574.

2. This court has already held the act to be constitutional. 70 Ark. 94; 77 Ark. 439 and cases cited; 72 Ark. 171; Black on Intox. Liquors, § 53 and cases cited; 73 Ark. 163.

3. The statute *supra* refers to adult inhabitants of this State. Citizens of Missouri are not concerned in our police regulations, and have no voice therein.

4. No appeal was taken from the order of April, 1908, and it stands in any event for two years. It cannot be collaterally attacked in this proceeding, and the grant of license in January, 1909, was without authority and void. 71 Ark. 17; 43 Ark. 361; 35 Ark. 414; 5 Ark. 303; 5 Ark. 305; 22 Ark. 118; 23 Ark. 121; 24 Ark. 111; 31 Ark. 175; *Id.* 71; 50 Ark. 338; 55 Ark. 275.

HART, J., (after stating the facts). 1. It is earnestly insisted by counsel for appellants that the act of February 13, 1899, under which the proceedings complained of were instituted, is unconstitutional. No useful purpose can be served either by discussing the reasons given by learned counsel in support of their contention, or in reviewing the authorities cited by them; for this court has heretofore deliberately decided that that part of the act which makes it the duty of certain officers to issue a warrant for the seizure and destruction of intoxicating liquors when, after notice to and hearing of claimants, it shall be established that the liquors seized were illegally kept for sale, is not unconstitutional. *Ferguson* v. *Josey*, 70 Ark. 94; *Kirkland* v. *State*, 72 Ark. 171; *Osborne* v. *State*, 77 Ark. 439.

2. Counsel for appellants also insist that the license issued to the appellants were properly granted. The record shows that the old public school house, mentioned as the center of the circular area of the prohibitory order of 1905, and the new public school house, named as the center of the prohibitory order of 1908, are only a quarter of a mile distant from each other. Therefore, counsel argue that, because the areas embraced in the two prohibitory orders overlap each other, the order made in 1908 was of no effect, and that, the order of 1905 having been revoked, the county-court properly granted to appellants licenses for the sale of liquor. We can not agree with their contention.

In the cases of *Robinson* v. *State*, 38 Ark. 641, and *Edgar* v. *State*, 45 Ark. 356, this court held that the retailing of spirituous liquors is not a natural right, and that persons engaging in it must submit to such terms, regulations, and burdens as the Legislature may impose for the public good.

Sec. 5129 of Kirby's Digest provides in effect that the adult inhabitants residing within three miles of any school house, by complying with the terms imposed by the act, may put in force the statute that prohibits the sale of intoxicating liquors within three miles of such school house. Thus it will be seen that the act contemplates that the whole State may be covered by orders putting in force the three-mile statute. Manifestly, this could not be done unless the circular areas could overlap each other. There is nothing in the opinion in the case of *Williams* v. *Citizens*, 40 Ark. 290, that contravenes this construction of the stat-

ute. It was held in that case that it was a statutory proceeding, and that it could not be extended beyond its prescribed limits. The opinion, in effect, holds that it was the legislative intent, as plainly expressed by the terms of the act, to prohibit the sale of liquor within a territory covered by radii extending in all directions three miles from a center marked by a school house or other institution of learning, or by a church house; and that the designation of two points as centers in the same order could not be done because it would either lessen or make greater the area.

The object of the statute, as plainly expressed by its terms, was to prohibit the liquor traffic within certain defined areas in any part of the State. It was the evident intention of the Legislature to make the act applicable to all parts of the State alike. Obviously, the act could not be put in force in all parts of the State if the circular areas could not overlap each other. The revoking of one prohibitory order by the county court in compliance with the petition of a majority of the adult inhabitants residing within the limits of that territory does not revoke a separate prohibitory order which puts in force the statute in a part of the territory embraced in the former. In other words, an order of the court revoking a prohibitory order only means that the particular prohibitory order annulled no longer puts in force the three-mile statute, but it does not affect another prohibitory order putting in force the three-mile statute, although a part of the same area may have been embraced in both prohibitory orders. It follows, then, that the prohibitory order made in April, 1908, not having been revoked or annulled, is still in force, and by its terms extends over the territory in which the appellants had their place of business for the sale of liquors, and they are not protected by the license granted to them by the county court.

3. The record shows that the school house named as the central point of the area in which the sale of liquor was prohibited in the order made in April, 1908, was only three-fourths of a mile distant from the boundary line between the States of Arkansas and of Missouri; and that a majority of the adult inhabitants residing within the three-mile radii extending in all directions from the central point resided in the State of Missouri, and were not taken in account in making the prohibitory order which put the statute in force. Hence counsel argue that the statute was not put in force by the order.

It has been repeatedly held by this court that it is not the order of the county court, but the act of the Legislature, which prohibits the sale of the liquor within the prescribed area; and for this reason, in the case of *Wilson* v. *Thompson,* 56 Ark. 110, it was held that county lines would not be considered in the proceeding for putting the statute in operation. Here the case is different. It is not a question of county lines but of State boundaries.

"Statutes derive their force from the authority of the Legislature which enacts them; and hence, as a necessary consequence, their authority as statutes will be limited to the territory or country to which the enacting power is limited. It is only within these boundaries that the Legislature is lawmaker, that its laws govern people, that they operate of their own vigor on any subject." 1 Lewis' Sutherland, Statutory Construction, § 13, and cases cited.

It follows, therefore that the Legislature of the State of Arkansas could not pass an act prohibiting the sale of liquors in the State of Missouri.

"It is so unusual for a Legislature to intend that its acts shall have such world-wide effect that courts are never justified in putting such construction upon them if their language admits of any other reasonable interpretation." *State* v. *Lancashire Insurance Co.,* 66 Ark 476.

Section 7792 of Kirby's Digest provides that "all general provisions, terms, phrases and expressions used in any statute shall be liberally construed, in order that the true intent and meaning of the General Assembly may be fully carried out." Applying these canons of construction, it will be readily seen that the Legislature only intended that the three-mile law should be effective in the State of Arkansas, and that the territory embraced within the radii extending in all directions from the central point should be territory embraced within the boundaries of the State of Arkansas. The areas thus formed, except when the central point is at or within the three miles of the State boundary, are in the form of circles, but the form is merely descriptive of the territory embraced in the prohibited limits. When the point which marks the center is less than three miles from the State boundary, only that segment of the circle within the limits

of the State is affected by the order, and the adult inhabitants of this State only should be considered in determining whether the petition, either for putting in force the three-mile law or for revoking such prohibitory order, contains the requisite majority.

It is also insisted that the order of April, 1908, is not effective because the new stone school house named as the central point was described as being on block 23, instead of block 22, where it is in fact situated. The school house is described as being situated in the town of Mammoth Spring in Fulton County, Arkansas; and it is further described as a new stone public school house. It was not necessary to mention the number of the block on which it was situated. It was sufficient to describe it in the language of the statute with such reasonable certainty as to identify it as the point marked from which the radii were to extend in designating the territory to be embraced in the order. *Blackwell* v. *State*, 36 Ark. 178.

The case having been submitted and decided upon its merits, it is not necessary to pass upon the rights of appellant for a restraining order, pending the appeal, which was also submitted.

The judgment will be affirmed.